Larry V. COOPER, Appellant,

v.

UNITED STATES PENITENTIARY, LEAVENWORTH, Warden Robert I. Moseley, et al., Appellees.

No. 36–70.

United States Court of Appeals, Tenth Circuit.

Sept. 8, 1970.

G. G. Alan Vaughan, Denver, Colo., for appellant.

Stephen K. Lester, Wichita, Kan. (Robert J. Roth, U. S. Atty., and Edward H. Funston, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellees.

Before LEWIS, Chief Judge, and SETH and HICKEY, Circuit Judges.

PER CURIAM.

This is an action in which Cooper, an inmate at the United States Penitentiary at Leavenworth, seeks to recover damages for personal injuries allegedly caused by the negligence of prison officials. The complaint, drawn and filed pro se, asserts that plaintiff was deliberately burned by another inmate, a known troublemaker, and that the prison officials were negligent in not providing the protection required by 18 U.S.C. §§ 4042, 4081. The trial court, treating the complaint as one cognizable under the Federal Tort Claims Act, granted leave to proceed in forma pauperis and directed process to issue against the United States. The United States responded by a motion to dismiss pursuant to Fed.

R.Civ.P. 12(b), asserting the court lacked jurisdiction over the subject matter because the complaint did not allege compliance, and Cooper in fact had not complied, with the provision of 28 U.S.C. § 2675(a)[1] as a condition precedent to his asserted claim. The court granted the motion without giving Cooper an opportunity to respond to the motion and dismissed the complaint and action concluding "that plaintiff has not exhausted his administrative remedies as required by 28 U.S.C. § 2675(a)."

We reverse. The court erred in accepting, as fact, the ex parte statement of the United States concerning plaintiff's non-compliance with 28 U.S.C. § 2675(a) and in not allowing plaintiff an opportunity to meet both the asserted deficiency in pleading and the assumption and contention that his claim was intended to be, and was capable only of being, cognizable under the Tort Claims Act. As stated in a civil rights case, Harmon v. Superior Court, 9 Cir., 307 F.2d 796, 798:

> The court cannot know, without hearing the parties, whether it may be possible for appellant to state a claim entitling him to relief, however strongly it may incline to the belief that he cannot.

Prisoner injury cases are seldom artfully presented, but should not be procedurally shortcut. *See* Mayberry v. Maroney, 3 Cir., 394 F.2d 181; Riley v. Rhay, 9 Cir., 407 F.2d 496. *See also* Wilson v. United States, 10 Cir., 433 F.2d 597, this day decided.

The judgment is reversed and the case is remanded to the trial court with instructions to reinstate the complaint and the motion to dismiss.

1. 28 U.S.C. § 2675(a) as amended, states:
   An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. * * *