**Archie WILSON, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 188–70.

United States Court of Appeals, Tenth Circuit.

Sept. 8, 1970.

G. G. Alan Vaughan, Denver, Colo., for appellant.

Stephen K. Lester, Wichita, Kan. (Robert J. Roth, U. S. Atty. and Edward H. Funston, Asst. U. S. Atty., Topeka, Kan., on the brief) for appellee.

Before LEWIS, Chief Judge, and SETH and HICKEY, Circuit Judges.

PER CURIAM.

This is a similar case to Cooper v. United States, 10 Cir., 433 F.2d 596, this day decided, involving a prisoner injury and filed pro se. The plaintiff, Archie Wilson, was at the time of the injury, and is now, incarcerated in Ft. Leavenworth. He alleged in his complaint that he was injured while working as a machine operator in the penitentiary shoe factory because of the failure of a government employee to install a safety guard on the machine operated by him. Wilson further contended that as a result of the stated negligence, he suffered permanent injuries, pain, and a loss of earnings, all in the amount of $160,000, as a result of the necessary amputation of substantial portions of two fingers mangled in the machine. Wilson further sought temporary restraining orders and injunctive relief related, *inter alia*, to the type of work required of the plaintiff by the penal authorities. The complaint and request for injunctive relief were filed January 28, 1970 and Wilson was allowed to proceed in forma pauperis; the complaint was served January 29. No answer or motion to dismiss was filed by the United States and on March 9, the district court dismissed the action sua sponte.

The dismissal was entered pursuant to Fed.R.Civ.P. 12(h) (3), as amended. Without a hearing the court disposed of Wilson's complaint on three grounds: (1) that the complaint was one under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 et seq., and should be dismissed for failure to comply with 28 U.S.C. § 2675(a), as amended, requiring exhaustion of administrative remedies; (2) that Wilson, as a federal prisoner injured in prison employment, was precluded from recovery under the FTCA and his exclusive remedy lay under 18 U.S.C. § 4126; United States v. Demko, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258, and United States v. Gomez, 10 Cir., 378 F.2d 938; (3) that injunctive relief should be denied because of the well recognized rule that a court will not interfere with the operation of a prison by penal authorities absent a showing of capriciousness or arbitrariness.

We reverse for the reasons stated in *Cooper* and with instructions to reinstate the complaint.