**John A. GENOVESE, Petitioner,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 19152–3.**

United States District Court,
W. D. Missouri, W. D.
March 3, 1971.

**1118**

John A. Genovese, pro se.
No response filed by respondent.

## ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DENYING PETITION FOR HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

In his prior petition in this Court for a writ of federal habeas corpus, Genovese v. Ciccone (W.D.Mo.) Civil Action No. 18967–3, petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, complained of improper medical treatment. After the filing of the response to the show cause order in that case and petitioner's traverse thereof, the petition for habeas corpus was denied on February 25, 1971.

Petitioner has now submitted in this Court an "application for restraining order" in which he requests that this Court issue an order restraining the respondent from transferring petitioner from the Medical Center. In support of the "application," petitioner states that his petition in Civil Action No. 18967–3 is still pending in this Court and that:

"such removal is arbitrary, and will cause him undo (sic) oppression in that: (a) it will prolong, and oust him of the early relief he seeks, namely, medical attention; and (b) it destroys his purpose, and the privilage (sic) of the writ."

A petition for habeas corpus is the proper method of challenging the legality or constitutionality, or both, of a prisoner's place of confinement. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149; Coffin v. Reichard (C.A.6) 143 F.2d 443, 155 A.L.R. 143, cert. denied 325 U.S. 887, 65 S.Ct. 1568, 89 L. Ed. 2001; Bryant v. United States (C. A.8) 214 F. 51; Hudson v. Hardy, 137 U.S.App.D.C. 366, 424 F.2d 854; Miller v. Overholser, 92 U.S.App.D.C. 110, 206 F.2d 415; Matthews v. Hardy, 137 U.S. App.D.C. 39, 420 F.2d 607; Sokol, A Handbook of Federal Habeas Corpus, 2d ed., § 9.5, pp. 95–98; Sutton v. Ciccone (W.D.Mo.) 292 F.Supp. 374; In re Baptista (W.D.Mo.) 206 F.Supp. 288. See also Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718, approving a habeas corpus judgment on the form of confinement, and Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578. But, under the provisions of Section 4082, Title 18, United States Code, the place of a federal prisoner's confinement is vested in the discretion of the Attorney General or his authorized delegate. In the absence of exceptional circumstances or the denial of a federal constitutional or statutory right, the exercise of that discretion will not be reviewed in the Courts. Harris v. Settle (C.A.8) 322 F.2d 908, cert. denied, 377 U.S. 910, 84 S.Ct. 1171, 12 L.Ed.2d 179; Austin v. Harris (W.D.Mo.) 226 F.Supp. 304; Sutton v. Ciccone, *supra,* and cases therein cited. Petitioner does not state the denial of any federal right in his proposed transfer from the Medical Center. His allegations of improper medical treatment were determined not to state any cognizable claim in habeas corpus in

his prior petition in this Court, Genovese v. Ciccone (W.D.Mo.) Civil Action No. 18967–3. Petitioner does not otherwise state exceptional circumstances or the denial of any federal right.

For the foregoing reasons, because petitioner's "application for a restraining order" requests relief grantable in habeas corpus, it will be treated as a successive petition for habeas corpus. To save time and unproductive effort, petitioner will be granted leave to file it in forma pauperis. But, for the foregoing reasons, the petition must be denied because petitioner does not state the denial of any federal right or other exceptional circumstances.