473 F.2d 689
 Harold DODSON, for himself and all others similarly
situated, Appellant,
v.
Charles C. HAUGH, individually and in his capacity as Warden
of the Iowa State Men's Reformatory at Anamosa,
Iowa, et al., Appellees.
 No. 72-1314.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 7, 1972.
Decided Feb. 14, 1973.
 
 L. Vern Robinson, Iowa City, Iowa, for appellant.
 Lorna L. Williams, Sp. Asst. Atty. Gen., Des Moines, Iowa, for appellees.
 Before MEHAFFY, BRIGHT and STEPHENSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harold Dodson, an inmate of the Iowa State Men's Reformatory at Anamosa, Iowa, prosecutes this action under 42 U.S.C. Sec. 1983, on behalf of himself and others similarly situated, to redress alleged deprivation of his right to due process in disciplinary proceedings at the Reformatory. The district court, on defendants' motion, dismissed the action for failure to state a claim upon which relief could be granted, stating that "the hearing which plaintiff was given prior to imposition of disciplinary measures afforded him sufficient procedural due process so as to not warrant judicial interference."
 
 
 2
 In the district court, and on this appeal, Dodson alleges that he has been deprived of liberty without due process because he was denied the right (1) to be heard by an impartial tribunal, (2) to call witnesses in his behalf, (3) to cross-examine adverse witnesses, and (4) to be represented by counsel or counsel-substitute.
 
 
 3
 The facts, as shown by the complaint or conceded by appellant, establish that Dodson received notice of the charge against him (homosexual activity in violation of prison rules), was present at a hearing where testimonial evidence was offered against him by a correctional officer, and was afforded the opportunity to deny the alleged conduct. The pleadings indicate that Dodson's guilt was adjudged by three supervisory correctional officers, other than his accuser.
 
 
 4
 This appeal raises the question of the extent to which a state prisoner is entitled to due process under the Fourteenth Amendment. The State of Iowa contends that the rights it accorded Dodson, as shown by the complaint, accorded the minimum due process required by the Constitution.
 
 
 5
 The degree of due process which a state must afford the inmates within its prisons before punishing them or depriving them of privileges is in a state of flux. See, e. g., Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971), cert. denied sub nom. Sostre v. Oswald, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972); Gates v. Collier, 349 F.Supp. 881 (N.D.Miss.1972); Landman v. Royster, 333 F.Supp. 621 (E.D.Va.1971); Clutchette v. Procunier, 328 F.Supp. 767 (N.D.Cal.1971); Carothers v. Follette, 314 F.Supp. 1014 (S.D.N.Y.1970), and compare, Burns v. Swenson, 430 F.2d 771 (8th Cir. 1970), cert. denied, 404 U.S. 1062, 92 S.Ct. 743, 30 L.Ed.2d 751 (1972); Lathrop v. Brewer, 340 F.Supp. 873 (S.D.Iowa 1972); Beishir v. Swenson, 331 F.Supp. 1227 (W.D.Mo.1971).
 
 
 6
 In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), decided subsequently to the district court's dismissal of this action, the Supreme Court addressed itself to the extent of due process required before a state can revoke a parolee's conditional liberty. The Court said:
 
 
 7
 What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior. [Id. at 484, 92 S.Ct. at 2602]
 
 
 8
 Similarly, in this case, Iowa's procedures should be reviewed to determine whether they were likely to have established the truth of the asserted violation.
 
 
 9
 Dodson, by his complaint, has denied guilt of the homosexual incident with which he was charged. Taking the allegations of the complaint in the context most favorable to plaintiff, we do not think it can be said that plaintiff can prove no set of facts entitling him to relief. For all we know, Dodson may be able to show that he could have called witnesses at his disciplinary hearing who would have established an airtight alibi or mistaken identification by the correctional officer who testified against him. Perhaps he can prove that the makeup of the prison hearing panel prejudiced consideration of his contentions in the hearing. Without an examination of any of the underlying facts, the district court erred in dismissing this action. Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 632 (1972); Gray v. Creamer, 465 F.2d 179, 185 (3d Cir. 1972). See Wilderman v. Nelson, 467 F.2d 1173, 1176 (8th Cir. 1972).
 
 
 10
 We are not prepared, in the absence of a record and in view of the uncertain state of the law, to approve or disapprove of Iowa's procedures governing prison discipline. Accordingly, we vacate the order of dismissal and remand this case for further proceedings. The plaintiff should have the opportunity to present his case either by testimony or, if the facts are not disputed, through affidavits or other proof which might support a summary judgment.