Michael E. REMMERS, Appellant,

v.

Lou V. BREWER, Warden, et al.,
Appellees.

No. 72–1490.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1973.

Decided March 12, 1973.

J. Jane Fox, Iowa City, Iowa, for appellant.

Lorna Lawhead Williams, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before GIBSON and ROSS, Circuit Judges, and BENSON, Chief District Judge.

PER CURIAM.

Michael E. Remmers, a prisoner in the Iowa State Penitentiary, filed his pro se complaint in United States District Court, alleging a deprivation of his civil rights under 42 U.S.C. § 1983. The complaint included allegations, rather inartfully drawn, that he had been denied due process of law and the right to counsel in a prison disciplinary hearing; that the solitary confinement he received after such hearing was cruel and unusual punishment; that he was denied freedom of speech and press because he was punished because of the content of ·a newspaper article about prison life which he authored; and that his letters to his church, his attorney, and a state senator were censored and interfered with by prison authorities. The trial court, upon its own motion, before any process was served and without any notice to Remmers, permitted the filing of the complaint in forma pauperis and dismissed the complaint for failure to state a claim upon which relief could be granted. Remmers subsequently filed an amended civil rights complaint which the trial court treated as a motion to reconsider and which it promptly denied without hearing or notice. The trial court granted leave to appeal in forma pauperis. We reverse and remand with directions to hold an evidentiary hearing.

We first note that the complaint was dismissed prior to service of process and without notice to Remmers.[1]

The Ninth Circuit has held that the least that is required when a civil rights complaint is filed, is that process issue and be served as required by F.R.Civ.P. 4(a), and that notice be given to the plaintiff of the proposed dismissal permitting him to respond thereto in writing. *See e.g.*, Sanders v. Veterans Administration, 450 F.2d 955, 956 (9th Cir. 1971); Potter v. McCall, 433 F.2d 1087, 1088 (9th Cir. 1970); Dodd v. Spokane County Washington, 393 F.2d 330, 334 (9th Cir. 1968); Armstrong v. Rushing, 352 F.2d 836, 837 (9th Cir. 1965); Harmon v. Superior Court, 307 F.2d 796, 798 (9th Cir. 1962). *See also* Cooper v. United States Penitentiary, 433 F.2d 596–597 (10th Cir. 1970); Wilson v. United States, 433 F.2d 597–598 (10th Cir. 1970). Cf. Brown v. Strickler, 422 F.2d 1000, 1002 (6th Cir. 1970). In Gutensohn v. Kansas City Southern Ry. Co., 140 F.2d 950, 953–954 (8th Cir. 1944), this Court indicated that notice and an opportunity to respond is a prerequisite to dismissal for failure to state a cause of action in a civil case. *Cf.* Lewis v. Chrysler Motors Corp., 456 F. 2d 605 (8th Cir. 1972).

As the Court stated in Harmon v. Superior Court, *supra*, 307 F.2d at 798:

"The court cannot know, without hearing the parties, whether it may be possible for appellant to state a claim entitling him to relief, however strongly it may incline to the belief that he cannot. . . .

"The right to a hearing on the merits of a claim over which the court has jurisdiction is the essence of our judicial system, and the judge's feeling that the case is probably frivolous does not justify by-passing that right. Appellant is entitled to have process issued and served, and to be heard."

■ This Court has not heretofore specifically adopted the rule promulgated by the Ninth Circuit, and in this case we prefer to rely on substantive rather than procedural reasons for reversal.[2] First, plaintiff alleged that he

---

1. The trial court did not invoke the provisions of 28 U.S.C. § 1915(d) by finding that the action was frivolous or malicious. Such a finding permits a trial court to dismiss the action, despite the initial permission to proceed in forma pauperis.

2. Implicit in the following discussion is the principle that F.R.Civ.P. 12(b)(6) motions are viewed in the light most favorable to the plaintiff, with every valid doubt resolved in his behalf, as to whether the complaint states any valid claim upon

had been denied due process of law in his prison disciplinary hearing. As we said recently in Dodson v. Haugh, 473 F.2d 689 (8th Cir. 1973):

> "The degree of due process which a state must afford the inmates within its prisons before punishing them or depriving them of privileges is in a state of flux. *See, e.g.,* Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971), cert. denied sub nom. Sostre v. Oswald, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972); Gates v. Collier, 349 F.Supp. 881 (N.D.Miss. 1972); Landman v. Royster, 333 F. Supp. 621 (E.D.Va.1971); Clutchette v. Procunier, 328 F.Supp. 767 (N.D. Cal.1971); Carothers v. Follette, 314 F.Supp. 1014 (S.D.N.Y.1970), and compare, Burns v. Swenson, 430 F.2d 771 (8th Cir. 1970), cert. denied, 404 U.S. 1062, 92 S.Ct. 743, 30 L.Ed.2d 751 (1972); Lathrop v. Brewer, 340 F. Supp. 873 (S.D.Ia.1972); Beishir v. Swenson, 331 F.Supp. 1227 (W.D.Mo. 1971).

> . . . . . .

> "We are not prepared, in the absence of a record and in view of the uncertain state of the law, to approve or disapprove of Iowa's procedures governing prison discipline. Accordingly, we vacate the order of dismissal and remand this case for further proceedings. The plaintiff should have the opportunity to present his case either by testimony, or, if the facts are not disputed, through affidavits or other proof which might support a summary judgment."

That case differed from this case in that process was served and the motion to dismiss was filed by the defendant. A hearing must be held to determine what procedures were followed in the hearing given to Remmers and whether those procedures comport with the procedural

due process requirements of the fourteenth amendment.

■■ Remmers also claimed a violation of his first amendment rights by not being allowed to have an article published without fear of physical retaliatory actions by prison authorities. The trial court's order bases its dismissal to some extent on the fact that "plaintiff does not deny that the article was smuggled illegally out of the institution. . . . ." However, the trial court does not disclose the evidentiary basis for its implied finding that the punishment meted out was for smuggling the article out of prison rather than for the content of the article itself as alleged by Remmers. Prisoners do not lose all of their first amendment rights upon entry into prison, although the rights are subject to reasonable regulations. *See e.g.,* Gray v. Creamer, 465 F.2d 179, 186 (3d Cir. 1972); Nolan v. Fitzpatrick, 451 F. 2d 545 (1st Cir. 1971); Sostre v. McGinnis, 442 F.2d 178, 202–203 (2d Cir. 1971), cert. denied, 404 U.S. 1049, 92 S. Ct. 719, 30 L.Ed.2d 740 (1972). An evidentiary hearing should be held in this case to determine (1) what the prison rules and practice are in regard to expression and publication of prisoner's view points; (2) whether those rules and practice are in derogation of the first amendment rights of the prisoners; and (3) if the rules and practice are constitutionally permissible, whether they were correctly applied to Remmers in this case.

■ A hearing is also required to determine the truth or falsity of Remmer's allegations relating to censorship of and interference with his letters to his attorney, to his church, and to his state senator, and to determine the reasonableness of state prison regulations relating thereto. In Moore v. Ciccone, 459 F.2d 574 (8th Cir. 1972), this Court reversed

---

which relief can be granted. *See e. g.,* 5 C.Wright and A.Miller, Federal Practice and Procedure, § 1357 at 601 (1969). This principle is applicable to prisoner civil rights cases. Haines v. Kerner, 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L. Ed.2d 652 (1972).

and remanded for an evidentiary hearing a case wherein an inmate of the Federal Medical Center, in a self-styled habeas corpus petition, alleged that his right to access to the courts, right to effective assistance of counsel, and right to free exercise of religion, were denied when officials read and inspected incoming mail from attorneys and from petitioner's Orthodox Moslem advisers.

For the reasons hereinbefore expressed, the judgment of dismissal is reversed with directions to permit the issuance of process and the filing of responsive pleadings after which an evidentiary hearing shall be held on the allegations made in Remmer's amended complaint.