**Guy F. BROWN, Appellant,**

v.

**Donald HARTNESS, Assistant Superintendent, Missouri Training Center, et al., Appellees.**

**No. 73-1392.**

United States Court of Appeals,
Eighth Circuit.

Oct. 4, 1973.

Eric V. Lemon, St. Louis, Mo., for appellant.

John C. Danforth, Atty. Gen., and Karen I. Harper, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before GIBSON, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellant Guy F. Brown, brought an action in forma pauperis against the assistant superintendent of the Missouri Training Center for Men at Moberly, Missouri and against three employees of the training center mail room. Brown alleged that the action of these individuals in refusing to allow the mailing of certain Christmas cards and in preventing correspondence with the Columbia, Missouri newspaper violated his civil rights protected by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. 42 U.S. C. §§ 1983 and 1985. The relevant facts are set out in the trial courts memorandum and order dismissing the complaint for failure to state a claim upon which relief could be granted reported at 358 F.Supp. 253 (E.D.Mo.1973). This Court granted Brown permission to appeal in forma pauperis and appointed counsel.

We have thoroughly reviewed the record and briefs in this case while screening cases for assignment to the calendar of this Court.[1] We reverse [2] and remand for an evidentiary hearing.

Courts are reluctant to interfere with prison administration, regulations and discipline. Moore v. Ciccone, 459 F.2d 574, 576 (CA8 1972); Lee v. Tahash, 352 F.2d 970, 971 (CA8 1965). Nevertheless, we think that allegations smacking of First Amendment deprivation are sufficient to call for the offering of supporting evidence. Remmers v. Brewer, 475 F.2d 52 (CA8 1973).

Remmers claimed a violation of his First Amendment rights by not being allowed to have an article published without fear of physical retaliation by prison authorities. We said at 475 F.2d 53:

> An evidentiary hearing should be held in this case to determine (1) what the prison rules and practice are in regard to expression and publication of prisoner's view points; (2) whether those rules and practice are in derogation of the first amendment rights of the prisoners; and (3) if the rules and practice are constitutionally permissible, whether they are correctly applied to Remmers in this case.

In addition, this Court recently pointed out in McDonnell v. Wolff, 483 F.2d 1059, at 1067 (CA8, filed August 2, 1973):

> Prison authorities must show that the regulation of an inmate's right to send and receive mail furthers a substantial interest, and that the incidental restrictions placed on an inmate's rights are no greater than essential to further that interest.

In view of the foregoing it cannot be said that the allegations set forth by Brown in his pro se complaint demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

Therefore, while expressing no view on the ultimate merits of Brown's complaint, we conclude that he is entitled to an evidentiary hearing.

Reversed and remanded.

---

1. 8th Cir. R. 6(1).

2. 8th Cir. R. 9(a).