**Carlton BRYANT, Appellant,**

v.

**Kenneth L. HARDY and Richard G. Kleindienst, Appellees.**

**No. 73-1516.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 5, 1973.

Decided Nov. 30, 1973.

Richard G. Singer, Newark, N. J. [Court-appointed], for appellant.

Brian P. Gettings, U. S. Atty., for appellees.

Before CLARK, Associate Justice, Retired, Supreme Court, HAYNSWORTH, Chief Judge, and CRAVEN, Circuit Judge.

PER CURIAM:

In September 1971 Carlton Bryant was transferred from the federal reformatory at Lorton, Virginia, to the federal penitentiary at Marion, Illinois. He subsequently filed a pro se petition, cast as a petition for either mandamus or habeas corpus, in which he claimed he was entitled to notice of the proposed transfer and a hearing, and that the failure to grant either constituted a denial of procedural due process. The district court dismissed his petition sua sponte without requiring the United States to answer, and Bryant appealed. We reverse and remand with instruc-

---

tions to require the government to answer the petition.

The law governing procedural due process within prisons is in a state of flux. Several courts have recently held that prisoners must be given some form of hearing when they are disciplined. *E.g.*, Miller v. Twomey, 479 F.2d 701 (7th Cir. 1973); McDonnell v. Wolff, 483 F.2d 1059 (8th Cir. 1973), petition for cert. filed, 42 U.S.L.W. 3257 (U.S. Oct. 23, 1973) (No. 73–679); Sostre v. McGinnis, 442 F.2d 178, 194–199 (2d Cir. 1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). Other courts have required hearings in connection with prisoner transfers. *E. g.*, Hoitt v. Vitek, 361 F.Supp. 1238 (D. N.H.1973); White v. Gillman, 360 F. Supp. 64 (S.D.Iowa 1973); Park v. Thompson, 356 F.Supp. 783 (D.Hawaii 1973); Gomes v. Travisono, 353 F.Supp. 457 (D.R.I.1973). In accordance with the suggestion in Morrissey v. Brewer, 408 U.S. 471, 481–482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that procedural due process in actions affecting prisoners (parolees) depends on the severity of the consequences, most of the cases that have imposed due process requirements on disciplinary action and transfers have involved serious changes in status: punitive segregation, loss of accumulated good time credit, transfer from a state reformatory for young offenders to a state penitentiary, or long-distance transfer from one prison system to another. None have dealt with routine transfers within the federal prison system. *But cf.* Genovese v. Ciccone, 331 F.Supp. 1117 (W.D.Mo.1971) (without discussing due process the court held that a federal prisoner had no right to review of a transfer decision).

Because no answer was filed in this case, we do not know the reasons for the transfer nor can we gauge its consequences. The record contains no comparison of Lorton and Marion. Bryant alleges that he spent five days in segregation upon arriving at Marion, but if true we do not know whether the segregation was punitive, and if so, whether it was a consequence of the transfer. Bryant alleges that the Lorton warden later told him that he had been transferred because of alleged involvement in drug traffic at Lorton. Without an answer, we are unable to determine if a factual dispute actually existed, or whether the transfer was a method of disciplining Bryant or was reasonably necessary as a matter of internal prison security and control. And because we do not know what prison rules apply to such transfers, we cannot judge whether the prison administrators followed their own regulations.

Consequently we are in no position to determine whether Bryant should have been given some form of notice and hearing. *See* Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Miller v. Twomey, *supra*. After the government has answered, the district court will then be able to determine whether an evidentiary hearing is required. *See* Dodson v. Haugh, 473 F. 2d 689 (8th Cir. 1973); *cf.* Raines v. United States, 423 F.2d 526 (4th Cir. 1970).

Reversed and remanded.