Gary HARKINS et al.,
Appellants,

v.

Gary ELDREDGE and the Missouri Bar Association, Appellees.

No. 74–1561.

United States Court of Appeals,
Eighth Circuit.

Nov. 22, 1974.

Clarence N. Cline pro se.

Gary Harkins, pro se.

Veryl L. Riddle and Thomas C. Walsh, St. Louis, Mo., filed motion for appellee, Missouri Bar Association, to dismiss appeal or affirm judgment.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

■ This appeal is taken from the district court's dismissal of appellants' 42 U.S.C. § 1983 (1970) petition pertaining to attorney Eldredge's professional conduct. A careful review of the record and appellants' pro se brief discloses that the appeal is frivolous and wholly without merit. We dismiss the appeal. *See* Local Rule 9.[1]

Appellants brought suit under § 1983 seeking damages and equitable relief from appellees due to attorney Eldredge's alleged mishandling of a variety of legal matters. Judge Collinson, in a February 21, 1974 order, granted appellants leave to proceed in forma pauperis and dismissed the complaint as to The Missouri Bar Association. Subsequently the district court dismissed the complaint as to Eldredge as well, stating that his actions as attorney for appellants were not taken under color of law for purposes of § 1983. This appeal followed that dismissal.

■ The district court was clearly correct in dismissing the claim as to Eldredge. The conduct of counsel, either retained or appointed, in representing clients does not constitute action under color of state law for purposes of a § 1983 violation. Glasspoole v. Albertson, 491 F.2d 1090, 1091–1092 (8th Cir. 1974); Barnes v. Dorsey, 480 F.2d 1057, 1060–1061 (8th Cir. 1973.)

■■ We also agree with the trial court's dismissal of the claim against The Missouri Bar Association. Under Missouri law the association has no in-

1. Appellee Missouri Bar filed a motion for summary disposition of this case pursuant to Local Rule 9(b). However, since the timeli-

ness of that motion is in dispute, the court has decided to dispose of this case on its own motion. *See* Local Rule 9(a).

dependent power to investigate members or to instigate such investigations. *See* Missouri Supreme Court Rule 7.06, V.A. M.R. All power to suspend or remove attorneys is vested in the Supreme Court, V.A.M.S. § 484.190, and delegated in part to a court-appointed committee, Supreme Court Rule 5. Since The Missouri Bar Association had no power to act, appellants' claim that constitutional rights cognizable under § 1983 were violated by the bar's failure to take action against Eldredge is wholly without merit. *See* Saier v. State Bar of Michigan, 293 F.2d 756, 758–760 (6th Cir.), cert. denied, 368 U.S. 947, 82 S.Ct. 388, 7 L. Ed.2d 343 (1961). Furthermore, appellants' suggestion that the bar association constitutes an "unconstitutional monopoly"[2] which deprives them of protected rights is similarly frivolous.[3]

 It is also urged that the district court erred in dismissing the action as to the bar association for failure to state a cause of action without service of process and notice to the appellants. It is true that such procedures are required if the dismissal is granted pursuant to Fed.R.Civ.P. 12(b)(6). Remmers v. Brewer, 475 F.2d 52, 53–54 & n. 2 (8th Cir. 1973). However, because we believe that this complaint was properly dismissed as frivolous and without merit pursuant to 28 U.S.C. § 1915(b) (1970), such service and notice is not necessary. *See* Remmers v. Brewer, *supra*, at 53 n. 1. Dismissals of frivolous actions brought by indigents are appropriate in order to prevent abuses of the processes of the court. Duhart v. Carlson, 469 F. 2d 471, 477–478 (10th Cir. 1972), cert. denied, 410 U.S. 958, 93 S.Ct. 1431 (1973).

Examination of the context in which the dismissal was entered in the instant case reveals that the action was taken pursuant to § 1915(d). The complaint against the bar association was dismissed in an order which initially granted appellants leave to proceed in forma pauperis. The language of the order strongly indicates the court's view that the claim against the bar was wholly without merit. In addition, as our examination of the merits revealed, a § 1983 action against the bar association for failure to take disciplinary measures against an attorney was obviously frivolous since recovery was impossible as a matter of law.

These facts compel our determination that the claim against the bar association was properly dismissed as frivolous and without merit under § 1915(d) and thus did not require notice and service of process upon appellants.

We are convinced that the trial court correctly characterized appellants' claims as frivolous. Accordingly, the appeal is dismissed. Local Rule 9(a).

2. Appellants in their pro se brief seem to charge The Missouri Bar Association with a violation of the Sherman Act, 15 U.S.C. § 1 (1970). Assuming *arguendo* that they have sufficiently raised this antitrust issue, we find that allegation without merit. *See* Goldfarb v. Virginia State Bar, 497 F.2d 1, 6–12 (4th Cir. 1974).

3. In view of our finding that no grounds for a § 1983 claim against the bar association exist here, we do not reach the question of the bar's possible judicial immunity or its status as a "person" under the Civil Rights Act. *See* Feldman v. State Board of Law Examiners, 438 F.2d 699, 705 (8th Cir. 1971).