**Roger James CLINE, Appellant,**

v.

**Donald HERMAN, United States Marshal, for the District of South Dakota and Two Unknown (Agents) Marshals, et al., Appellees.**

**No. 79–1160.**

United States Court of Appeals, Eighth Circuit.

Submitted July 10, 1979.

Decided July 17, 1979.

Roger James Cline, filed brief pro se.

Robert D. Hiaring, U. S. Atty., Jeffrey L. Viken, Asst. U. S. Atty., and Jeffrey T. Sveen, Clinical Law Intern, Rapid City, S. D., filed brief for appellee.

Before LAY, BRIGHT, and HENLEY, Circuit Judges.

PER CURIAM.

Roger James Cline, a federal prisoner, appeals from the district court's *sua sponte* dismissal of his complaint prior to service of process. We reverse and remand for further proceedings.

Cline's complaint contains the following allegations which, for present purposes, we deem as true. On October 6, 1977, the district court sentenced Cline to ten years' imprisonment for voluntary manslaughter. In its commitment order, the district court recommended that, "in view of the fact that Mr. Cline killed an Indian, it might be well for him to be kept separate from Indian inmates." However, when two United States deputy marshals delivered Cline to the Pennington County Jail, they failed to inform the jail's officials of the court's recommendation, and the officials did not separate Cline from the jail's Indian population. The jail's Indian inmates beat Cline unconscious, causing him severe injury and pain.

On February 9, 1979, Cline filed the present action, alleging that the marshals either negligently or deliberately subjected him to the assault. Although the district court granted Cline's motion for leave to proceed *in forma pauperis*, the court *sua sponte* dismissed the complaint prior to service of process on the grounds that it failed to state a claim and was frivolous. Cline brought this timely appeal from the order of dismissal.

Cline claims that the marshals negligently subjected him to the assault of the jail's Indian inmates. Such a claim is cognizable under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* (1976). *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *Brown v. United States*, 486 F.2d 284 (8th Cir. 1973). Although Cline's complaint does not mention the FTCA, we liberally construe the

*pro se* complaint as stating an FTCA claim against the United States.[1]

Cline alternatively contends that the marshals deliberately subjected him to the assault. Under the eighth amendment, prisoners are entitled to protection from the assaults of other prisoners. *Little v. Walker*, 552 F.2d 193, 197 (7th Cir. 1977), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978); *Holt v. Sarver*, 442 F.2d 304, 308 (8th Cir. 1971). In light of the current state of the law[2] and the lack of a factual record, the district court erred in dismissing Cline's eighth amendment claim prior to service of process.

Under 28 U.S.C. § 1915(d), a complaint filed *in forma pauperis* may be dismissed prior to service of process only if the action is "frivolous or malicious." *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974). *See Remmers v. Brewer*, 475 F.2d 52, 53 n.1 (8th Cir. 1973). In light of this strict standard, we hold that dismissal of Cline's complaint prior to service of process was premature.

Accordingly, we reverse and remand for further proceedings.[3]

---

1. The complaint fails to allege that Cline has satisfied the exhaustion requirement in 28 U.S.C. § 2675(a), which provides that a negligence action against the United States for damages cannot be maintained unless the claimant has presented the claim to the appropriate federal agency and the claim has been denied. Nevertheless, prior to dismissal for noncompliance with § 2675(a), Cline must be given an opportunity to show that he has complied. *Cooper v. United States Penitentiary, Leavenworth*, 433 F.2d 596, 597 (10th Cir. 1970); *Wilson v. United States*, 433 F.2d 597, 598 (10th Cir. 1970). In case Cline has not yet met the dictates of § 2675(a), we note that 28 U.S.C. § 2401(b) requires that a tort claim be presented to the appropriate federal agency within two years after the claim accrues.

2. Although the Supreme Court has yet to decide whether a cause of action for damages arises under the eighth amendment, it has recognized causes of action for damages from the fourth and fifth amendments. *Davis v. Passman*, —— U.S. ——, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (fifth amendment); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (fourth amendment).

3. In his complaint, Cline alleges that he is currently confined in the federal penitentiary in Lewisburg, Pennsylvania. His transfer from the Pennington County Jail moots his claims for declaratory and injunctive relief. *Watts v. Brewer*, 588 F.2d 646 (8th Cir. 1978). Consequently, only his damage claims remain.