782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM E. STERN, Plaintiff-Appellant,
v.
KERRY M. O'BRIEN, Defendant-Appellee.
 84-3720
 United States Court of Appeals, Sixth Circuit.
 12/13/85
 ORDER
 
 1
 BEFORE: KENNEDY and GUY, Circuit Judges; and WOODS, District Judge.*
 
 
 2
 Plaintiff appeals the district court's dismissal of his civil rights complaint brought under 42 U.S.C. Sec. 1983. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff was convicted of aggravated murder, attempted murder, and felonious assault in Ohio. Following his conviction, plaintiff discharged his retained attorney Kerry O'Brien, and requested the surrender of his file. O'Brien refused to surrender the file until his fee had been paid. Plaintiff then filed this pro se action alleging that O'Brien violated his civil rights by failing to surrender the file. Defendant filed a motion to dismiss on the grounds that he had valid lien on the file. The court sua sponte entered an order stating that the complaint failed to allege state action and granting plaintiff thirty days to show cause why the case should not be dismissed on that ground. Plaintiff filed a response in which he argued that O'Brien as an attorney was an officer of the court, and there was a 'power flow' of state authority to O'Brien through his possession of the file. He also requested the court to accept pendent jurisdiction over the complaint insofar as it raised state claims. The district court dismissed the case on the grounds that plaintiff failed to allege state action required to proceed under section 1983, and pendent jurisdiction was inapplicable when federal jurisdiction was lacking. We affirm.
 
 
 4
 Defendant argues in his brief that this Court lacks jurisdiction because the notice of appeal was late. The judgment was entered July 27, 1984, and the notice of appeal was filed thirty-one days later on August 27, 1984. The notice of appeal was within the thirty day time limit because the thirtieth day, August 26, was a Sunday. See Fed.R.App.P. 4(a); Fed.R.App.P. 26(a). Therefore, the appeal was timely filed and this Court has jurisdiction.
 
 
 5
 To state a claim under section 1983, the complaint must allege a deprivation of a federal right by persons acting under color of state law. Parratt v. Taylor, 451 U.S. 527 (1981); Wagner v. Metropolitan Nashville Airport Authority, ---- F.2d ----, No. 84-5440 (6th Cir. Sept. 6, 1985). It is well-settled that an attorney is not acting under color of state law merely as a result of his status as a licensed attorney. See Polk County v. Dodson, 454 U.S. 312 (1981); Harkins v. Eldredge, 505 F.2d 802 (8th Cir. 1974). Although an attorney may be acting under color of state law for section 1983 purposes if he has conspired with state officials, see Tower v. Glover, ---- U.S. ----, 104 S.Ct. 2820 (1984), plaintiff has not alleged such a conspiracy. Instead he claims that the attorney acted with state authority because he gathered and retained the documents in plaintiff's file as a result of representing plaintiff in the criminal proceedings. This claim does not allege conspiracy with state officials or significant state involvement in defendant's retention of the file. See Wagner v. Metropolitan Nashville Airport Authority, supra. Therefore, the plaintiff failed to allege state action. The district court also correctly held that the action could not be maintained as a pendent state claim since no federal jurisdiction had been established in the civil rights claim. See Hooks v. Hooks, 771 F.2d 935 (6th Cir. 1985).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable George Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation