961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rose MECKLEY, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA; US MARSHAL'S SERVICE, for the
Southern District of West Virginia; John GAINER;
Sheila; FOUR UNKNOWN UNITED STATES
MARSHALS, Defendants-Appellees.
 No. 91-2702.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 13, 1992
Decided: April 30, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Charles H. Haden, II, Chief District Judge. (CA-91-456-5)
 Rose Meckley, Appellant Pro Se.
 Michael Warren Carey, United States Attorney, Charleston, West Virginia, for Appellees.
 S.D.W.Va.
 REVERSED AND REMANDED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rose Meckley appeals the order of the district court dismissing her complaint against the United States, the United States Marshal's Service, and certain marshals based on allegations of maltreatment and unconstitutional prison conditions she endured during her stays at the Kanawha County Jail and the Mercer County Jail while in federal custody. After interpreting the complaint as one brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the district court dismissed the complaint as frivolous within the meaning of 28 U.S.C. § 1915(d) (1988) because the marshals were not responsible for conditions at the jail.[1] Meckley requests that we consider her case as properly brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.A. # 8E8E # 1346, 2671-2680 (West 1965 & Supp. 1991).
 
 
 2
 To satisfy the test of frivolousness under § 1915(d), a claim must lack an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Moreover, a complaint susceptible to Fed. R. Civ. P. 12(b)(6) dismissal is not necessarily frivolous under § 1915(d). Id. at 326. Meckley's contention that the marshals were aware of the treatment she was receiving at the jails but continued to hold her there is not indisputably meritless, since under some circumstances, the United States may be held liable for negligently subjecting an inmate to prison conditions which may compromise the inmate's safety. See Cline v. Herman, 601 F.2d 374, 375 (8th Cir. 1979); 28 U.S.C. § 1346 (1988).[2] Similarly, her allegations of maltreatment in prison, if true, may state a valid Eighth Amendment claim, if it is found that the conditions were sufficiently serious and that the Defendants exhibited deliberate indifference. See Wilson v. Seiter, 59 U.S.L.W. 4671 (U.S. 1991).[3]
 
 
 3
 Because Defendants may be subject to liability under the FTCA, we believe the dismissal of this case was premature. Accordingly, we remand to the district court to direct a response by Defendants, and for further consideration of the merits of the complaint.[4] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REVERSED AND REMANDED
 
 
 [1]
 The case was initially referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (1988). The district court adopted the magistrate judge's report and recommendation in full
 
 
 [2]
 Meckley's statement that "none of my grievances or appeals were answered" presents an arguable basis in fact for her contention that she exhausted administrative procedures, which is required to bring suit under the FTCA. 28 U.S.C. § 2675 (1988). In addition, although the district court may ultimately find an exception to the FTCA to be applicable in this case, the record is not sufficiently developed at this stage to permit that determination to be made. Cf. Cannon v. United States, 645 F.2d 1128 (D.C. Cir. 1981) (applying independent contractor exception)
 
 
 [3]
 We note that Meckley has not sued the county jail guards responsible for her treatment. However, the district court has some responsibility to assist pro se litigants who are unable to identify the proper defendant. See Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.), cert. denied, 439 U.S. 970 (1978)
 
 
 [4]
 In light of the disposition, Meckley's Motion for Ruling is moot