_____

No. 95-4246
_____

Joseph F. Porter,                         *
                                          *
          Appellant,                      *
                                          *
     v.                                   *
                                          *
Susan Fox, IRS Officer;                   *
Michael Ponte, IRS Officer;               *   Appeal from the United States
Richard J. Wempe, IRS Chief               *   District Court for the
of Special Proc.; James A.                *   District of Nebraska.
Grant, IRS District Director;             *
Internal Revenue Service,                 *      [PUBLISHED]
Federal Agency; United States             *
of America, Department of                 *
Justice; John Does, Unknown               *
Agents; Jane Doe, Unknown                 *
Agents; Louis Sangis, in his              *
official and individual                   *
capacity,                                 *
                                          *
          Appellees.                      *

_____

Submitted: October 4, 1996

Filed: October 30, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Joseph F. Porter appeals from the district court's order dismissing his 42 U.S.C. § 1983 action against Internal Revenue Service (IRS) officials.  We affirm.


     After paying the filing fee, Porter brought the instant action pro se against the IRS and several of its employees in their individual and official capacities, claiming that they violated his due process and First and Fourth Amendment rights when they served him with various notices of tax liens and levy.  He sought damages

as well as injunctive and declaratory relief.

Because Porter was pro se, the magistrate judge initially reviewed the complaint pursuant to the district court's Local Rule 83.10. He stated, as to the official-capacity claims, Porter had failed to allege either that he had exhausted his administrative remedies under the Federal Tort Claims Act (FTCA), as required by 28 U.S.C. § 2675, or that this action did not arise out of "assessment or collection of any tax," an exception under 28 U.S.C. § 2680(c) to the FTCA's waiver of sovereign immunity. If the complaint arose under 26 U.S.C. § 7433 (civil action for damages where IRS employee disregards law in collecting taxes), Porter also had not alleged he had exhausted his administrative remedy as that statute required. See 26 U.S.C. § 7433(d); 26 C.F.R. § 301.7433-1. As to the individual-capacity claims, the magistrate judge stated that section 1983 was unavailable, and Porter had failed to state a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The magistrate judge granted Porter leave to file an amended complaint stating a claim, or face dismissal. The magistrate judge also ordered defendants to enter their appearance, but suspended their obligation to answer or otherwise respond to the complaint until directed to do so by the court.

Porter filed an amended complaint. Notwithstanding the magistrate judge's suspension order, defendants filed an answer and moved to dismiss or for summary judgment, submitting extensive supporting documentation. The magistrate judge found the amended complaint did not cure the deficiencies noted in his previous report, and recommended dismissal for failure to state a claim. While the magistrate judge noted that all the defendants had been served, he failed to note that the defendants had also filed the motion to dismiss or for summary judgment which was then fully at issue. Instead of recommending to the district court the granting or denial of the then pending potentially dispositive motion, the

magistrate judge recommended dismissal because the plaintiff's amended complaint failed to correct the deficiencies the magistrate judge had pointed out in his previous order. Relying on our decision in Martin-Trigona v. Stewart, 691 F.2d 856, 858 (8th Cir. 1982) (per curiam), the magistrate judge concluded that the district court could sua sponte dismiss this complaint under Federal Rule of Civil Procedure 12(b)(6). Conducting de novo review after Porter objected, the district court adopted the magistrate judge's report, dismissed the complaint, and did not reach the merits of the defendants' pending motion to dismiss or for summary judgment. Instead, the district court denied the defendants' double-barreled motion as moot. The court also denied Porter's motion for reconsideration.

We take this opportunity to comment on the magistrate judge's and district court's procedures in conducting an initial review of this fee-paid, nonprisoner-filed complaint and dismissing it sua sponte under Rule 12(b)(6) while responsive pleadings were on file and at issue.[1] In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court delineated the differences between claims which are frivolous under 28 U.S.C. § 1915(d) and those which fail to state a claim under Rule 12(b)(6). Although the Court did not address the permissible scope, if any, of sua sponte dismissals under Rule 12(b)(6), id. at 329 n.8, the Court noted that review under Rule 12(b)(6) ordinarily afforded a litigant notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion was ruled upon, id. at 329. The Court also noted the benefits of the adversarial process contemplated by the Federal Rules, including the opportunities for responsive pleadings. Id. at 330.

---

[1]We note that the new procedures in the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), allowing dismissal for failure to state a claim do not apply to this case: Porter was not proceeding in forma pauperis, nor was he a prisoner.

Considering <u>Neitzke</u>'s holding that a complaint filed in forma pauperis is not frivolous merely because it fails to state a claim, <u>id.</u> at 330, our decision in <u>Martin-Trigona</u>--where the complaint was dismissed under section 1915(d) for failure to state a claim--cannot be relied upon after <u>Neitzke</u>. Nor can <u>Martin-Trigona</u>, or other cases preceding <u>Neitzke</u>, stand for the broad proposition that a district court may, prior to service of process, sua sponte dismiss a complaint for failure to state a claim.

All of our post-<u>Neitzke</u> decisions have uniformly held that a district court may not dismiss prior to service of process unless the complaint is frivolous. <u>See</u> <u>Addison v. Pash</u>, 961 F.2d 731, 732 (8th Cir. 1992); <u>Smith v. Boyd</u>, 945 F.2d 1041, 1043 (8th Cir. 1991); <u>Freeman v. Abdullah</u>, 925 F.2d 266, 267 (8th Cir. 1991); <u>see also</u> <u>Wabasha v. Smith</u>, 956 F.2d 745, 745 (8th Cir. 1992) (per curiam) (majority held claims were frivolous and thus properly dismissed prior to service). This proposition was not new. Even before <u>Neitzke</u>, we held that a sua sponte dismissal without requiring service on the defendant was disfavored because "`the district court is cast in the role of a proponent for the defense, rather than an independent entity.'" <u>Haley v. Dormire</u>, 845 F.2d 1488, 1490 (8th Cir. 1988) (quoting <u>Nash v. Black</u>, 781 F.2d 665, 668 (8th Cir. 1986)); <u>see also</u> <u>Harkins v. Eldredge</u>, 505 F.2d 802, 804 (8th Cir. 1974) (per curiam); <u>Remmers v. Brewer</u>, 475 F.2d 52, 53-54 & n.2 (8th Cir. 1973). We recently stated that the Federal Rules of Civil Procedure contemplate that the service-of-process requirement includes the filing of responsive pleadings. <u>See</u> <u>Hake v. Clarke</u>, 91 F.3d 1129, 1131-32 (8th Cir. 1996) (per curiam). Here, defendants answered the complaint and filed responsive pleadings, yet both the magistrate judge and the district court failed to consider those pleadings on their merits. Except as otherwise authorized by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996), we find no support for the district court to conduct an initial review of all nonprisoner pro se fee-paid complaints under Rule 12(b)(6) before service of

process and responsive pleadings.  We reaffirm that the procedures set forth in the District of Nebraska's Local Rule 83.10(d)(2) do not comply with the Federal Rules nor with our circuit's precedents, and cannot stand.

Reviewing the merits de novo, see Dorothy J. v. Little Rock Sch. Dist., 7 F.3d 729, 731 (8th Cir. 1993), we agree that Porter failed to state a claim upon which relief could be granted.  Porter did not allege he exhausted his administrative remedies as required under the FTCA and 26 U.S.C. § 7433, and exhaustion is a jurisdictional prerequisite.  See Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993), cert. denied, 510 U.S. 1109 (1994).  To the extent Porter requested declaratory relief, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), like the Anti-Injunction Act, 26 U.S.C. § 7421, forbids suits for the purpose of restraining the assessment or collection of any tax, see Bob Jones Univ. v. Simon, 416 U.S. 725, 732 n.7 (1974), and Porter did not allege his claims fell within the limited judicial exception set forth in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).  Porter is also foreclosed from asserting a Bivens claim against defendants in their individual capacities.  See Vennes v. An Unknown Number of Unidentified Agents of United States, 26 F.3d 1448, 1453-54 (8th Cir. 1994), cert. denied, 115 S. Ct. 721 (1995).  Thus, dismissal was proper.  Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-