# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1470

_____

| | | |
|---|---|---|
| Charles Armstrong, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Todd A. Mandell & Associates, | * | Eastern District of Missouri. |
| L.L.C.; Richard L. Turner & | * | |
| Associates, L.L.C.; Rich Lakas & | * | [UNPUBLISHED] |
| Associates; Midwest Information | * | |
| Brokers, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 7, 2000

Filed: June 15, 2000

_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Charles Armstrong appeals from the district court's[1] order dismissing without prejudice his 42 U.S.C. § 1983 action against law firms and other entities. After

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

reviewing the record de novo and liberally construing Mr. Armstrong's complaint, we conclude the complaint failed to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii) (action subject to dismissal if it fails to state claim upon which relief may be granted); West v. Atkins, 487 U.S. 42, 48 (1988) (§ 1983 plaintiff must allege violation of federally protected right); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se complaint shall be liberally construed); Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires causal link to, and direct responsibility for, deprivation of rights); Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974) (per curiam) (conduct of counsel in representing clients does not constitute action under color of state law for purposes of § 1983 violation). To the extent the complaint could be viewed as attempting to assert a state law legal malpractice claim, we conclude subject matter jurisdiction was lacking. See 28 U.S.C. § 1332(a)(1) (diversity-of-citizenship requirement).

Accordingly, we affirm. See 8th Cir. R. 47A(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-