## In re HONAKER.

No. 27177. Oct. 20, 1936.

Carl Kuykendall, for plaintiff in error.

Chapman & Chapman, for defendants in error.

PHELPS, J. In 1929 Velma Honaker was granted a decree of divorce from her husband and awarded the exclusive custody of their minor son. At that time the child was about a year old. With the child she stayed at the home of her parents, the child's maternal grandparents.

In July of 1935 Velma Honaker went to California for the purpose of marrying. It appears from the record that her intention was to return to Oklahoma with her second husband, and they did return on a visit during December of the same year, when she contemplated taking the child back with her to California. She had left it with her parents during her absence in order that it could attend school. In December, when she returned here and considered taking the child with her to California, it appears that it was her intention to return to Oklahoma in the spring of 1936 and live here permanently. In view of that fact, her counsel advised her to permit the child to remain here with her parents and attend the same school during the remainder of

her absence. She accordingly left the child in the care of her parents and it continued attending school and living with them. In January of 1936 the ex-husband, father of the child, instituted this habeas corpus action against the child's maternal grandfather and grandmother for possession of the child. The child's mother was not made a party to the action, but returned and testified at the trial, which resulted unfavorably to the plaintiff, and he appeals.

Plaintiff's first contention is that the trial court erred in excluding certain evidence offered by him. The record reveals that the same evidence, or so much thereof as was material, was later admitted. This contention is therefore without merit.

As nearly as we can analyze it, the remaining proposition appears to be a general attack upon the sufficiency of the evidence to support the judgment. The court made a finding of fact that the mother had not abandoned the child when she left it temporarily with her own parents while she was in California. From a reading of the entire record this finding is clearly justified, and it is unnecessary to further discuss the details of the evidence, a summary of which is stated above.

If such a change in condition of the plaintiff father, or of the mother, or of the child, has taken place since the entry of the divorce decree in 1929, as would necessitate changing the custody of the child from the mother to the father, that result would not be obtainable in a habeas corpus action against the child's maternal grandparents, unless the mother were a party to the action. She was not made a party here. It is the general rule that one who might be a party to an action does not become so merely by testifying in the case. Cahill-Swift Mfg. Co. v. Hayes, 97 Kan. 740, 156 P. 735; Brown v. Van Keuren, 340 Ill. 118, 172 N. E. 1; First, etc., Church v. Allison, 304 Pa. 1, 154 A. 913; 4 C. J. 1330, 1335. In Gaunt v. Gaunt, 160 Okla. 195, 16 P. (2d) 579, and Ex parte Shull, 127 Okla. 253, 260 P. 775, cited by plaintiff, the action was habeas corpus by one parent against the other parent, and the issues determined were the same as could have been determined on a motion to modify the decree in the divorce action, but it has never been held that either parent's right to the custody could be adjudicated in an action to which that parent was not a party. The record wholly fails to support the plaintiff's statement in his brief that "the mother of said child joined in such suit alleging

that she was the rightful custodian of said child under a divorce decree issued by the trial court." The mother filed no pleading in this case, made no allegations, and in no manner joined in the suit.

The issue as to whether the child's interests would be better served by changing its custody from the mother to the father has, therefore, not been judicially determined, and that question is still open in a proper proceeding between the father and mother if either desires it.

The judgment is affirmed.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.