WINKLER et ux. v. WINKLER, Ex'r, et al.

No. 30405. March 24, 1942.

*123 P. 2d 963.*

Thomas A. Edwards and Charles Edwards, both of Cordell, and R. N. Linville, of Elk City, for plaintiffs in error.

Jones & Wesner, of Cordell, for defendants in error.

BAYLESS, J. Henry Winkler and Opal May Winkler, his wife, appeal to

this court from the judgment of the district court of Washita county refusing to enjoin Wm. J. Winkler, executor of the estate of Kate Winkler, deceased, and Philo Lambert, sheriff of Washita county, Okla., from taking steps to execute a writ of execution issued in a forcible entry and detainer action.

After the issues were joined, the parties stipulated with respect to certain facts, and introduced in evidence the records in another action pending in that county and the transcript in the forcible entry and detainer proceedings.

Both parties agree that the sole issue is: Who may be dispossessed under a writ of execution issued in a forcible entry and detainer action?

Henry Winkler owned the real estate involved at one time, but many years ago gave his mother, Kate Winkler, now deceased, a deed thereto. He remained in possession of this property until 1937, at which time he moved to another farm and rented the property in question. He rented the property to John Cook for the year 1941. February 5, 1940, Kate Winkler instituted an action in the district court of Washita county, setting out four causes of action against Henry Winkler, and it is sufficient to say for the purposes of this decision that the issue of title to the real estate involved was one of the contested issues in that action. After the filing of the action, Kate Winkler died and Wm. Winkler was appointed executor of her will to administer upon her estate. January 7, 1941, Wm. Winkler, executor, filed complaint in forcible entry and detainer in a justice of the peace court in Washita county against John Cook, tenant of Henry Winkler. The verdict of the jury was against Cook, and he appealed to the county court. In the trial of the appeal in that court, the verdict again was against John Cook. Thereupon he made an agreement with Wm. Winkler, executor, to vacate the premises within five days, and did so. In the meantime Henry Winkler and his family moved onto the property, and when Wm. Winkler, executor, learned of this he procured an execution to be issued in the forcible entry and detainer action, based

on the judgment against Cook. The sheriff of Washita county executed this writ in the absence of Henry Winkler by moving the family and family possessions of Henry Winkler from the property into the section line. Henry Winkler immediately re-entered the property, and when it was offered to again oust them under the authority of the judgment in the forcible entry and detainer proceedings, the present action to enjoin such threatened action was filed.

It is the contention of Henry Winkler and his wife that a judgment in forcible entry and detainer, ordering ousted a party in possession as their tenant, is not binding on them, since they were not parties to the proceedings.

On the other hand, it is the contention of Wm. Winkler, executor, that such a judgment against a tenant is binding on the tenant's landlord even though the landlord is not a party, on the theory the judgment binds the privies of the tenant.

At the commencement of the trial there was a stipulation of facts including this:

"That after his (meaning John Cook) removal the premises and intervener moved on the premises under a claim of ownership and right. . . ."

This stipulation of fact alone was sufficient to entitle Henry Winkler and his wife, the intervener, to judgment. We have said that a forcible entry and detainer action cannot be used to try an issue of title. Bilby v. Stuart, 39 Okla. 451, 135 P. 931; Scissem v. Bradley, 167 Okla. 161, 29 P. 2d 69, and other Oklahoma cases.

With respect to the contention made by Henry Winkler and his wife, we observe the general rule to be that if the proceedings and forcible entry and detainer are brought against a tenant alone without making the landlord a party thereto, the landlord is not bound by the judgment rendered, although he had knowledge of the pendency of the proceedings. 22 Am. Jur. 942, sec. 46; Orthwin v. Thomas, 127 Ill. 554, 11 Am. St. Rep. 159, and Cope v. Payne,

111 Tenn. 128, 76 S. W. 820, 102 Am. St. Rep. 746. The landlord does not become a party by testifying for his tenant. Ex parte Honaker, 178 Okla. 50, 61 P. 2d 702.

The rule relied upon by Wm. Winkler, executor, to the effect that the judgment in a forcible entry and detainer is binding on anyone who goes into possession of the property after the commencement of the action is, we think, limited to those who go into possession after the commencement of the action under any claim of right from the defendant in the action against whom the judgment is eventually rendered. The parties stipulated in this action that Henry Winkler and his wife went into possession, after John Cook quit, under a claim of ownership and right. The possession they thus obtained, as is clear from the record in this case, is one based upon a claim of title, and title is an issue which cannot be tried in these cases nor settled.

We are of the opinion that the district court of Washita county erred when it refused to enjoin the execution of the writ of ouster based on the judgment against John Cook as applied to Henry Winkler and his wife.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views stated herein.

CORN, V. C. J., and RILEY, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and OSBORN and DAVISON, JJ., absent.