ROBERSON *v.* HAMILTON, ADM'X

5-3886                                    405 S. W. 2d 253

Opinion delivered May 23, 1966

*G. E. Smuggs,* for appellant.

*McKay, Anderson & Crumpler,* for appellee.

ED. F. McFADDIN, Justice. This appeal involves the administration of the estate of Jesse B. Hamilton, who departed this life intestate on June 29, 1963, a resident of Ouachita County. On July 10, 1963, the present appellant, Mattie Lee Roberson, obtained the appointment of herself as administratrix of the estate of Jesse B. Hamilton; but such appointment was set aside in a short time and the present appellee, Georgia Hamilton, was appointed administratrix by order filed August 12, 1963. She is the widow of the deceased and entitled to preference under the statute, since she filed her petition in due time. (Ark. Stat. Ann. § 62-2201 [Supp. 1965]). Ever since she was ousted as administratrix, the appellant, Mattie Lee Roberson, has been objecting to the various proceedings in the administration of the estate, and the present appeal is the culmination of her objections.

In addition to the facts above stated, the record before us reflects the following:

(a) On July 24, 1964, Georgia Hamilton filed her first and final account as administratrix of the estate and petitioned that she be discharged upon approval of her report; and due notice of the filing of such account and petition was given by publication for the time and in the manner required by law.

(b) On September 10, 1964, C. C. Hamilton, alone, filed objections to the final accounting of Georgia Hamilton; and on October 26, 1964, there was an extensive hearing before the Court on the said objections. Mattie Lee Roberson appeared and testified at that hearing; and the significance of this appearance will be later mentioned. By order entered December 30, 1964, the administratrix was directed to amend her report and make certain distributions[1].

---

[1]The order concludes with this language:
"IT IS THEREFORE considered, ordered and adjudged that the

(c)  On February 20, 1965, the Administratrix reported to the Court that she had performed the requirements as made by the Court, and prayed for her final discharge; and on March 18, 1965, the Probate Court conducted a hearing and entered an order which concludes with this language:

> "IT IS THEREFORE by the Court considered, ordered and adjudged that the balance remaining in the account at the Stephens Security Bank, listed as Georgia Hamilton, Administratrix of the Estate of Jesse Hamilton, Deceased, be and the same is hereby ordered to be Georgia Hamilton's individually. It is further considered, ordered and adjudged that the bond of Georgia Hamilton herein be and the same is hereby discharged, and the said Georgia Hamilton and her Bondsmen are hereby relieved of any and all liabilities on said bond. It is further considered, ordered and adjudged that this Estate be and the same is hereby closed.
> "IT IS SO ORDERED."

(d)  There were no objections noted to the foregoing order and no appeal from it; but on April 2, 1965, the appellant, Mattie Lee Roberson, filed objections to the closing of the estate; and in May 1965, and again in June 1965, supplemented and enlarged such objections.

(e)  On May 11, 1965, the Probate Court conducted a hearing on the objections filed by Mattie Lee Roberson, and, after hearing all the evidence which Mattie Lee Roberson desired to offer on her objections, the

first and final accounting of Georgia Hamilton, Administratrix of the Estate of Jesse Hamilton, deceased, be and is hereby in all things approved as amended by the findings of the Court said hereinabove. Georgia Hamilton be and is hereby ordered to make final distribution as ordered hereinabove, with the balance being paid as set forth in the final accounting under Schedule F, and the remainder going to Georgia Hamilton, individually. After this order has been complied with, the Administratrix is directed to report to this Court so that this Estate may be closed. IT IS SO ORDERED."

Court disallowed the said objections, and made the following findings and order:

> "The Court finds that Mattie Lee Roberson has been represented by Counsel in this cause since the original Petition was filed on her behalf on July 10, 1963, and that she personally appeared before the Court and testified at the previous hearing held in October of 1964, which hearing resulted in the Order of this Court entered on December 30, 1964, . . . Many of the objections presented at this time were disposed of in the prior hearing or should have been disposed of by the Court at that time, since the same issues were raised in prior pleadings. . . . "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, BY THE COURT, That the objections to the Closing Of Administration Of Estate, And Petition To Remove Administratrix And Personal Representative, as well as the Motion On Hearing To Require Full Disclosure Of Assets, And Completion Of Administration is denied. "The exceptions of the Objector are noted of record."

(f) On June 11, 1965, Mattie Lee Roberson filed a renewal of her objections, and again they were disallowed by an order entered August 11, 1965; and it is from the disallowances of all of her objections that Mattie Lee Roberson prosecutes this appeal, raising a total of seven points[2], which are so interrelated that we consolidate them for disposition.

---

[2]These points are:
"I. Error of the Court, in its order of March 18, 1965, approving the accounting filed by administratrix, release and discharge of administratrix and her bondsmen, and closing the administration, on the petition filed by the administratrix on February 20, 1965, without the filing of a final accounting and settlement in the manner required by the statutes of Arkansas, Sections 62-2803, 62-2804, and 62-2805; without the statutory notice required by Ark. Stats. 62-2806; without notice, as requested by Mattie Lee Roberson, and within the prohibited 60 day statutory period of Sec. 62-2806.
"II. Error of the Court in its order of March 18, 1965, closing the

To take up each point that the appellant has raised and separately dispose of it would unduly lengthen this Opinion. The objections are to matters that occurred in the course of the administration of the estate; and in some of the matters Mattie Lee Roberson, herself, testified to support the claim; for instance, that of C. C. Hamilton. Furthermore, when C. C. Hamilton filed his objections to the final report of the administratrix, Mattie Lee Roberson was present in person and testified at that hearing; so she knew that a final hearing was in progress[3]. When a person appears as a witness and testifies in a proceeding, such person cannot later be heard to say that he did not know that such hearing was

---

administration, without the filing of accounting and settlement covering the period of administration from July 24, 1964 to February 20, 1965.

"III. Error of the Court in allowing the oral claim of C. C. Hamilton for alleged materials furnished and labor performed in the improvement of the house on estate property for him to live in without payment of rent for 12 years, in the sum of $2,219.89, which claim was barred by the 90 day lien statute of Arkansas, the three (3) year statute of limitations, and the statute of nonclaim, Ark. Stats. 62-2601, without, as a matter of equity, a set-off of reasonable rent for and during said 12 years of free occupancy.

"IV. Error of the Court in ordering the administratrix to transfer and convert to her own use individually, a large part of the cash assets of the estate, and without disclosing the uninventoried and unaccounted for money on deposit in the Stephens Security Bank of Stephens, Arkansas, the assets of the estate.

"V. Error of the Court in refusing to continue administration of the estate to completion, after the reopening of the administration on June 11, 1965, to require the administratrix to pay to Mattie Roberson, heir, the sum of $642.81, represented by the check of the administratrix, turned down by the Stephens Security Bank for lack of funds to cover, and which had been previously reported paid.

"VI. Error of the Court in overruling the objections filed by appellant, Mattie Lee Roberson, filed on April 2, 1965, and filed in open Court on May 11, 1965.

"VII. Error of the Court in overruling the objections filed by Mattie Lee Roberson on June 3, 1965, other than the objection that the administratrix had converted to her own use the sum of $642.81 reported to the Court to have been previously paid."

[3]We do not hold that a witness, by testifying, would thereby enter his appearance so as to be bound by the judgment entered: such is not the law. *Cahill* v. *Hayes* (Kan.), 156 Pac. 735, 157 Pac.

taking place. Mattie Lee Roberson knew of the hearing on the objections to the final report of Georgia Hamilton. She appeared and testified. After the conclusion of the hearing of March 18, 1965, it was too late for Mattie Lee Roberson to seek to have the estate reopened so she could file further objections on matters that were all known to her at the time she testified at the hearing on March 18, 1965. It was thoroughly shown that Mattie Lee Roberson received the full amount due her as one of the heirs of Jesse B. Hamilton, and, in continuing to object to everything that happened in the estate, she is "only raking over old ashes." *Boyd* v. *Matthews,* 239 Ark. 112, 388 S. W. 2d 102.

We therefore affirm the order of the Probate Court.

---

1169; *Brown* v. *Van Kueren* (Ill.), 172 N. E. 1; *First Regular Baptist* v. *Allison* (Pa.), 154 Atl. 913; *Ex parte Honaker* (Okla.), 61 Pac. 2d 702.