**Mattie Lee ROBERSON, Appellant,**

**v.**

**Carleton HARRIS et al., Appellees.**

**No. 19056.**

United States Court of Appeals
Eighth Circuit.

April 23, 1968.

G. E. Snuggs, El Dorado, Ark., for appellant.

A. F. House, Little Rock, Ark., for appellees.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and LAY, Circuit Judges.

PER CURIAM.

This action was filed June 1, 1967 against the Justices of the Supreme Court of Arkansas in the United States District Court for the Western District of Arkansas. The complaint alleged, in substance, that an opinion of the Supreme Court of Arkansas in Roberson v. Hamilton, [240 Ark. 898] 405 S.W.2d 253 (1966), was libelous. Plaintiff sought actual and punitive damages.

The defendants moved to dismiss for lack of jurisdiction and for failure to state a claim for relief. The district court granted the motion and dismissed the action on the ground of judicial immunity.

If we were required to reach the issue, we would have no difficulty in concluding that the district court's holding was correct. We are convinced, however, that the court lacked jurisdiction of the subject matter and should have dismissed the action for that reason.

Although it should not be necessary, we restate the principles relating to subject matter jurisdiction which must be recognized.

(1) The threshold inquiry in every federal case is whether the district court has jurisdiction; (2) lack of jurisdiction cannot be waived by the parties or ignored by the court; (3) if jurisdiction is wanting, the district court should decline to proceed in the case; (4) the appellate court must satisfy itself sua sponte not only of its own jurisdiction, but that of the district court. Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F. 2d 24, 26–27 (8th Cir. 1964).

Here, diversity jurisdiction does not exist. Plaintiff and the defendants are all citizens of the State of Arkansas. The complaint utterly fails to allege a federal question under 28 U.S.C. § 1331. It in no way intimates that the matter in controversy arises under the Constitution or laws of the United States. The alleged futility of a proceeding by plaintiff in the courts of Arkansas is a wholly insufficient basis upon which to predicate federal jurisdiction.

The appeal is dismissed for lack of jurisdiction.