**Anthony R. MARTIN–TRIGONA, Appellant,**

v.

**Roy STEWART, Appellees.**

**Anthony R. MARTIN–TRIGONA, Appellant,**

v.

**Paul MACIAS, et al., Appellees.**

No. 81–2372.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 6, 1982.

Decided Nov. 1, 1982.

Anthony R. Martin-Trigona, Middletown, Conn., pro se.

Robert G. Ulrich, U.S. Atty., David C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellees.

Before ROSS and McMILLIAN, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

In this consolidated appeal the appellant, pro se, seeks review of the district court's denial of his motions to vacate judgments entered in two actions he sought to commence in the lower court.

While incarcerated in the United States Medical Center, Springfield, Mo., appellant submitted two complaints to the district court for filing. The district court reviewed the complaints, noted that neither was accompanied by a filing fee nor by affidavit to proceed in forma pauperis pursuant to 28 U.S.C. § 1915; that the complaint in No. 81–3200 failed to state a cause of action; that the complaint in No. 81–3261 failed to state a claim upon which relief could be granted and, "in accordance with § 1915, Title 28, United States Code, and Rule 12(b), Federal Rules of Civil Procedure", dismissed the complaints without prejudice.

The appellant contends here, as he did in the court below through his motions to vacate the judgments, that if the actions were dismissed due to his failure to submit the required affidavits, the lower court erred in not giving him an opportunity to correct the deficiencies.

There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under § 1915(d), frivolous or malicious and, if so, to dismiss the complaint. *Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir. 1979) citing "Recommended Procedures For Handling Prisoner Civil Rights Cases In the Federal Courts" (Federal Judicial Center, Tentative Report No. 2, 1977).

Some courts have blurred the distinction between § 1915(a) and § 1915(d) by approving the practice of denying leave to proceed in forma pauperis on the ground that the complaint is frivolous or malicious. The practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed in forma pauperis. Once leave has been granted, the complaint should be filed and the court should consider whether to dismiss pursuant to § 1915(d). See commentary following standard D, *infra.*

The language of the commentary following Standard D is:

The committee recommends that the decision whether to dismiss pursuant to § 1915(d) be made prior to the issuance of process. In this way the defendant will be spared the expense and inconvenience of answering a frivolous complaint.

The committee recommends dismissal with no opportunity to respond when the complaint is irreparably frivolous or malicious. If the defect in the complaint is reparable, the court should issue an order to show cause, permitting the plaintiff to respond and to amend. If there are multiple defendants, the complaint should be dismissed as to those defendants against whom a frivolous or malicious cause of

* The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

action is alleged and should be allowed to continue against the other defendants. In borderline cases, the court should not dismiss, but should let the case proceed and rule on a subsequent motion to dismiss if one is presented.

The district court's orders do not clearly reflect that it received, considered and filed the complaints under § 1915(a). However, a dismissal, whether pursuant to § 1915(d) or Fed.Rules Civ.Proc.Rule 12(b), presupposes a filing and since, under Rule 12(b)(6), a district court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 593 (1969), we turn to the complaints to determine their adequacy under Rule 12(b)(6).

In reviewing an appeal from an order dismissing a pro se complaint, the complaint is to be liberally construed, the facts taken in the light most favorable to the plaintiff, and all well-pleaded allegations considered to be true. *Haggy v. Solem,* 547 F.2d 1363 (8th Cir. 1977). With these principles in mind we have carefully perused the complaints, the records and appellant's briefs on appeal and are firmly convinced that the district court properly dismissed the complaints, without prejudice, under Rule 12(b)(6).

AFFIRMED.