**Brian BRUCE, Plaintiff,**

v.

**James W. FLETCHER, et al., Defendants.**

**No. 84–0331–CV–W–3–R.**

United States District Court, W.D. Missouri, W.D.

April 25, 1984.

---

**6**

Brian Bruce, pro se.

Lou Kollias, Jefferson City, Mo., for defendants.

### ORDER

ELMO B. HUNTER, District Judge.

Plaintiff, who is confined at the Jackson County Jail in Kansas City, Missouri, has filed *pro se* a civil rights action under the Civil Rights Act, 42 U.S.C. § 1983 (1976), seeking relief for certain claimed violations of his federally protected rights. Plaintiff has asked that he be allowed to proceed in *forma pauperis* without any prepayment of court fees or costs as allowed by federal law under 28 U.S.C. § 1915(a) (1976). He has submitted to the Court an affidavit of poverty in support thereof.

Plaintiff's affidavit of poverty indicates he cannot pay the filing fee or incur the costs of these proceedings. Even though the financial requirements of 28 U.S.C.

§ 1915(a) have been satisfied, the Court may deny leave to proceed in *forma pauperis* where it is satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(d); *Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir.1982); *see also Boston v. Stanton,* 450 F.Supp. 1049 (W.D.Mo.1978).

Defendants are all public defenders who allegedly were assigned to represent plaintiff during various stages of plaintiff's custody after his arrest. Plaintiff alleges that because of the ineffective assistance of these public defenders, plaintiff was denied an opportunity to be freed on bail.

The threshold question in every case before us is whether we have jurisdiction. Lack of jurisdiction cannot be waived by the parties or ignored by the Court and we must decline to proceed if jurisdiction is lacking. *Roberson v. Harris, et al.,* 393 F.2d 123 (8th Cir.1968). It is essential that for this Court to have jurisdiction to grant relief under 42 U.S.C. § 1983, the action of the defendants must be under color of state law. In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the Supreme Court held that a public defender providing representation to an indigent client was not acting under color of state law for purposes of 42 U.S.C. § 1983. The Court noted that the duties of a defense attorney are those of a personal counselor and advocate. Indeed, instead of acting under color of governmental authority, "an indispensable element of the effective performance of [the defense attorney's] responsibilities is the ability to act independently of the Government and to oppose it in adversary litigation." *Ferri v. Ackerman,* 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979).

The rationale of *Polk* is applicable to the situation presented here. Public defenders, performing the traditional functions of defense attorneys, are not acting under color of governmental authority within the meaning of Section 1983, as plaintiff alleges. This essential jurisdictional requirement, acting under color of state law, is not present in the above-captioned case.

Accordingly, it is

ORDERED that the above-captioned case is dismissed for lack of jurisdiction.