Charles W. WHITE, Appellant,

v.

David H. CLARK; Lawrence T. Oden; J. Branch Walton, Appellees.

No. 84–2198.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1984.

Decided Dec. 26, 1984.

Charles W. White, pro se.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Charles William White, an inmate of the Missouri State Penitentiary, appeals from a final order entered in the District Court[1] for the Western District of Missouri dismissing without prejudice his civil rights action brought under 28 U.S.C. § 1331. For the reasons discussed below, we affirm the judgment of the district court.

White's pro se complaint named as defendants three federal agents and one local law enforcement officer.[2] According to the complaint, two special agents of the United States Secret Service arrested White in March 1978 and confiscated his folding utility knife and brown kid gloves. Charges based on the arrest were later dismissed, but White's personal property was not returned to him. Instead, White alleged that a third special agent transferred White's gloves to a party not named as a defendant and transferred White's knife to defendant Sergeant Nicola of the Clay County Sheriff's Department. White never recovered the property or received compensation for it. He sought the return of the property, its suppression as evidence and actual and punitive damages for the violation of his constitutional rights guaranteed by the fourth and fifth amendments.

The district court granted White leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and dismissed the complaint as frivolous within the meaning of 28 U.S.C. § 1915(d). In reviewing the dismissal of a pro se complaint, we liberally construe the complaint, the facts are taken in the light most favorable to the plaintiff, and all well-pleaded allegations are considered as true. *E.g., Martin-Trigona v. Stewart,* 691 F.2d 856, 858 (8th Cir.1982) (per curiam). So viewed, White's complaint appears to claim an unreasonable seizure of his property as well as deprivation of his property without due process.

We agree with the district court's conclusion that, under *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and *Hudson v. Palmer,* —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the allegations in this complaint fail to state a constitutional claim against any of the defendants. White has not shown a denial of due process in light of postdeprivation remedies that were available to him in state and federal courts. Further, absent an allegation that either his arrest or the original seizure of his property was unlawful, White failed to state a claim that his fourth amendment rights were violated.

Accordingly, the judgment of the district court is affirmed.

---

1. The Honorable Russell G. Clark, Chief Judge, United States District Court for the Western District of Missouri.

2. We note, as did the district court, that, with respect to the local law enforcement officer defendant, an action of this type against a state official is properly brought under 42 U.S.C. § 1983 rather than under 28 U.S.C. § 1331.