**Richard KELLEY, Plaintiff,**

v.

**Frank VAUGHN, Defendant.**

**No. 91–6004–CV–SJ–6–P.**

United States District Court,
W.D. Missouri,
St. Joseph Division.

April 5, 1991.

Richard Kelley, pro se.

Frank Vaughn, Jefferson City, Mo., for defendant.

### ORDER

SACHS, Chief Judge.

Plaintiff, who is currently confined at the Tipton Treatment Center in Tipton, Missouri, has filed *pro se* a civil rights action under the Civil Rights Act, 42 U.S.C. § 1983 (1976), seeking relief for certain claimed violations of his federally protected rights. Although plaintiff did not submit a motion to proceed *in forma pauperis* and did not provide an affidavit of poverty, he did include an official accounting of his inmate account and he did state in his signed complaint that he has "no funds." Complaint, p. 5. The Court will construe this information to mean that plaintiff wishes to proceed *in forma pauperis* with-

out any prepayment of court fees or costs as allowed by federal law under 28 U.S.C. § 1915(a) (1976).

The Eighth Circuit Court of Appeals has held that the determination of whether a plaintiff should be granted unconditional leave to proceed *in forma pauperis* involves a two-step process. *Martin–Trigona v. Stewart,* 691 F.2d 856, 857 (8th Cir. 1982). First, the Court must decide whether the plaintiff "qualifies by economic status" under 28 U.S.C. § 1915(a). *Id.* In order to determine plaintiff's economic status, the Court has obtained from prison officials a certified copy of plaintiff's inmate account which shows information about all deposits into and withdrawals from plaintiff's account during the past six-month period. In reviewing plaintiff's financial data, it appears that plaintiff had an average monthly income of $92.64 exclusive of deposits totaling $5.00 or less during the six-month period from July 22, 1990, through January 22, 1991, the date this complaint was filed.

There has been a "dramatic increase in federal litigation by prisoners." T. Willging, *Partial Payment of Filing Fees in Prisoner In Forma Pauperis Cases in Federal Courts: A Preliminary Report,* p. 1 (Federal Judicial Center, 1984). In response to this increase, several federal courts have initiated a partial fee payment system by which a plaintiff is required to pay a portion of the filing fee before being granted unconditional leave to proceed *in forma pauperis. See Evans v. Croom,* 650 F.2d 521 (4th Cir.1981); *Braden v. Estelle,* 428 F.Supp. 595 (S.D.Tex.1977); *Partial Payment of Filing Fees in Prisoner In Forma Pauperis Cases,* no. 10.

The Eighth Circuit has approved the practice of requiring at least partial payment of the filing fee in civil rights actions filed by prisoners in the United States District Court for the Western District of Missouri. *In re Jewell Williamson,* 786 F.2d 1336 (8th Cir.1986). However, in approving this practice, the Court held that any such plan must contain certain features and should be published as a local rule or en banc order. *Id.* at 1340. Effective August 19, 1986, the United States District Court for the Western District of Missouri, en banc, adopted an amendment to Local Rule 9, incorporating those features specified by the Eighth Circuit in *Williamson, supra.*

Local Rule 9, as amended, requires the Court or the Clerk of the Court to calculate a plaintiff's average monthly income for the six-month period immediately preceding the filing of a complaint, but excluding all gifts of $5.00 or less unless the applicant has received a sufficient number of such gifts so that it is reasonable to include them in the average monthly income. The Court may then impose a partial filing fee of no more than 30% of the average monthly income and may require that said partial filing fee be paid in monthly installments. Although Local Rule 9 requires that a case not be stayed pending payment of the required partial filing fee, failure to make a required payment will justify dismissal of the lawsuit.

Applying Local Rule 9, as amended, to the case at hand, the Court will grant plaintiff provisional leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). However, plaintiff will be ordered to pay a partial filing fee of $27.76 in four monthly installments of $6.94 each. In compliance with Local Rule 9 and *Williamson, supra,* plaintiff will be given an opportunity to file written objections to this Order explaining why he should not have to pay even a portion of the filing fee in this action.

The authority of the Court under Section 1915(d) to dismiss an action as "frivolous or malicious" is broader than dismissal under Rule 12, Federal Rules of Civil Procedure, and gives the Court "a measure of control over [*in forma pauperis*] suits ..." *Green v. City of Montezuma, Georgia,* 650 F.2d 648, 650 (5th Cir.1981). An action is "frivolous" within the meaning of Section 1915(d) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Therefore, the term "frivolous" "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

The second step in determining whether a plaintiff should be granted unconditional leave to proceed *in forma pauperis* involves determining whether the case is "frivolous or malicious" within the meaning of § 1915(d). *Martin–Trigona v. Stewart,* 691 F.2d at 857. Even though the Court now grants plaintiff provisional leave to proceed *in forma pauperis,* the Court may dismiss plaintiff's complaint if it is determined that plaintiff's cause of action is frivolous or malicious within the meaning of 28 U.S.C. § 1915(d). *Martin–Trigona v. Stewart,* 691 F.2d at 857; *see also Boston v. Stanton,* 450 F.Supp. 1049 (W.D.Mo.1978). Upon payment of the entire partial filing fee, however, the Court will treat plaintiff's complaint in the same manner as a complaint that was not filed *in forma pauperis. In re Andrew Funkhouser,* 873 F.2d 1076 (8th Cir.1989).

Plaintiff names Frank Vaughn, Food Service Manager at the Western Missouri Correctional Center, as defendant in this action. According to plaintiff, defendant removed plaintiff from his job as a bakery worker at the Western Missouri Correctional Center solely because of the fact that plaintiff is a homosexual. Plaintiff asserts that this action was discriminatory and that it infringed upon his personal liberty. For relief, plaintiff seeks $50,000.00 in damages.

■ Plaintiff apparently bases his claim on an alleged violation of Title VII of the Civil Rights Act of 1964, which prohibits employers from discriminating against an individual because of his or her sex. However, the term "sex" as it is used in the Act refers to gender, not to sexual orientation. *DeSantis v. Pacific Tel. & Tel. Co.,* 608 F.2d 327 (9th Cir.1979). Because homosexuality pertains to sexual preference, and not to gender, "[t]itle VII does not prohibit discrimination against homosexuals." *Williamson v. A.G. Edwards and Sons, Inc.,* 876 F.2d 69, 70 (8th Cir.1989).

■ Plaintiff, along with his complaint, attached a copy of a letter he wrote regarding his termination from his job. In that letter, plaintiff asserts that removal from the Bakery Crew amounts to "an unconsti-

tutional infringement upon [his] personal liberty." Plaintiff's document labeled INMATE GRIEVANCE, dated July 31, 1990. In granting plaintiff's claims a liberal construction, the Court considers the possibility that plaintiff is attempting to allege that he had a protected interest in his job in the bakery and that defendant violated his due process rights when he removed plaintiff from the job.

Plaintiff, however, has no right to be assigned to a particular job. *Flittie v. Solem,* 827 F.2d 276 (8th Cir.1987); *Lyon v. Farrier,* 727 F.2d 766 (8th Cir.1984); *Peck v. Hoff,* 660 F.2d 371 (8th Cir.1981). Further, the expectation of keeping a particular job in prison is not a property or liberty interest entitled to due process protection. *Lyon v. Farrier,* 727 F.2d at 769; *Garza v. Miller,* 688 F.2d 480, 486 (7th Cir.1982); *Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir.1980). Because plaintiff had no protected interest in his job in the prison bakery, denial of that job does not constitute a violation of due process.

■ The complaint by plaintiff is further subject to analysis under the equal protection clause of the Fourteenth Amendment. For example, regardless of any liberty or property interest in his position as a bakery worker if plaintiff were to be removed from the position because of his race, or prisoner animosity based on race, a constitutional violation would be patent. Whether claims of discrimination because of homosexual orientation will support a valid equal protection claim is a subject of some current debate.

In *Padula v. Webster,* 822 F.2d 97 (D.C. Cir.1987) the Department of Justice stated a policy, relative to employment in the FBI, that "it would not consider relevant for employment purposes homosexual orientation that did *not* result in homosexual conduct." 822 F.2d at 102. This apparently opens federal governmental service to nondiscriminatory treatment of homosexual job applicants, absent a concession or showing of homosexual conduct (a matter which presents different problems, as the *Padula* court concluded). Whether federal policy is driven by a constitutional requirement of

nondiscrimination has yet to be definitively ruled.

In a ruling which Justice Souter joined, the New Hampshire Supreme Court held that practicing homosexuals could validly be excluded prospectively as adoptive parents or foster parents but could not be validly excluded from operating a day care or child care agencies. Such exclusion was held to violate the equal protection clause. *Opinion of the Justices*, 129 N.H. 290, 530 A.2d 21 (1987). Since plaintiff in this case denies "any overt or covert homosexual activities on my part" (July 31, 1990 grievance) he would appear to have a distinctly nonfrivolous claim of arbitrary discrimination if the state action of which he complains occurred in the manner alleged.

Although plaintiff appears to have no statutory claims or due process claims that would survive scrutiny for legal frivolousness, his equal protection claim authorizes further processing of this case.

Accordingly, it is ORDERED that:

(1) plaintiff is provisionally granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a);

(2) plaintiff shall pay the sum of $27.76 to the Clerk of the Court for the Western District of Missouri, Western Division, as payment for a portion of the one hundred twenty dollar ($120.00) filing fee normally required in civil litigation. Such partial payment of $27.76 may be paid in monthly installments of $6.94 per month for a period of four (4) months. If the first installment is not received within thirty (30) days of the date of this Order, or if the remaining installments are not received within thirty (30) days of each other, plaintiff's cause of action shall be dismissed without prejudice;

(3) plaintiff shall have twenty (20) days from the date of this Order within which to file his written objections to this Order requiring partial payment of the filing fee in this action;

(4) the Clerk of the Court shall obtain service of process on the named defendant by certified mail addressed to the Missouri Attorney General, P.O. Box 899, Jefferson City, Missouri 65102, pursuant to the Waiver of Service Agreement; and

(5) defendant shall answer or otherwise respond to plaintiff's complaint within twenty (20) days from the date of service as required by Rule 12 of the Federal Rules of Civil Procedure.