Robert CARMAN, Plaintiff,

v.

James BURGESS, et al., Defendants.

No. 91–0363–CV–W–3–P.

United States District Court,
W.D. Missouri, W.D.

May 8, 1991.

ORDER GRANTING PLAINTIFF PROVI-
SIONAL LEAVE TO PROCEED IN
FORMA PAUPERIS, SEVERING DE-
FENDANT KANSAS CITY, MIS-
SOURI, AND DIRECTING REMAIN-
ING DEFENDANTS TO SHOW
CAUSE

ELMO B. HUNTER, District Judge.

Plaintiff, who is currently confined at the
Jefferson City Correctional Center in Jef-

ferson City, Missouri, has filed *pro se* a civil rights action under the Civil Rights Act, 42 U.S.C. § 1983 (1976), seeking relief for certain claimed violations of his federally protected rights. Plaintiff has asked that he be allowed to proceed *in forma pauperis* without any prepayment of court fees or costs as allowed by federal law under 28 U.S.C. § 1915(a) (1976). Plaintiff has submitted to the Court an affidavit of poverty in support thereof.

The Eighth Circuit Court of Appeals has held that the determination of whether a plaintiff should be granted unconditional leave to proceed *in forma pauperis* involves a two-step process. *Martin–Trigona v. Stewart,* 691 F.2d 856, 957 (8th Cir. 1982). First, the Court must decide whether the plaintiff "qualifies by economic status" under 28 U.S.C. § 1915(a). *Id.* In order to determine plaintiff's economic status, the Court has obtained from prison officials a certified copy of plaintiff's inmate account which shows information about all deposits into and withdrawals from plaintiff's account during the past six-month period. In reviewing plaintiff's financial data, it appears that plaintiff had an average monthly income of $67.91 exclusive of deposits totaling $5.00 or less during the six-month period from October 19, 1990, through April 19, 1991, the date this complaint was filed.

There has been a "dramatic increase in federal litigation by prisoners." T. Willging, *Partial Payment of Filing Fees in Prisoner In Forma Pauperis Cases in Federal Courts: A Preliminary Report,* p. 1 (Federal Judicial Center, 1984). In response to this increase, several federal courts have initiated a partial fee payment system by which a plaintiff is required to pay a portion of the filing fee before being granted unconditional leave to proceed *in forma pauperis. See Evans v. Croom,* 650 F.2d 521 (4th Cir.1981); *Braden v. Estelle,* 428 F.Supp. 595 (S.D.Tex.1977); *Partial Payment of Filing Fees in Prisoner In Forma Pauperis Cases,* no. 10.

The Eighth Circuit has approved the practice of requiring at least partial payment of the filing fee in civil rights actions filed by prisoners in the United States District Court for the Western District of Missouri. *In re Jewell Williamson,* 786 F.2d 1336 (8th Cir.1986). However, in approving this practice, the Court held that any such plan must contain certain features and should be published as a local rule or en banc order. *Id.* at 1340. Effective August 19, 1986, the United States District Court for the Western District of Missouri, en banc, adopted an amendment to Local Rule 9, incorporating those features specified by the Eighth Circuit in *Williamson, supra.*

Local Rule 9, as amended, requires the Court or the Clerk of the Court to calculate a plaintiff's average monthly income for the six-month period immediately preceding the filing of a complaint, but excluding all gifts of $5.00 or less unless the applicant has received a sufficient number of such gifts so that it is reasonable to include them in the average monthly income. The Court may then impose a partial filing fee of no more than 30% of the average monthly income and may require that said partial filing fee be paid in monthly installments. Although Local Rule 9 requires that a case not be stayed pending payment of the required partial filing fee, failure to make a required payment will justify dismissal of the lawsuit.

■ Applying Local Rule 9, as amended, to the case at hand, the Court will grant plaintiff provisional leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). However, plaintiff will be ordered to pay a partial filing fee of $20.36 in four monthly installments of $5.09 each. In compliance with Local Rule 9 and *Williamson, supra,* plaintiff will be given an opportunity to file written objections to this Order explaining why he should not have to pay even a portion of the filing fee in this action.

■ The second step in determining whether a plaintiff should be granted unconditional leave to proceed *in forma pauperis* involves determining whether the case is "frivolous or malicious" within the meaning of § 1915(d). *Martin–Trigona v. Stewart,* 691 F.2d at 857. Even though the Court now grants plaintiff provisional

leave to proceed *in forma pauperis,* the Court may dismiss plaintiff's complaint if it is determined that plaintiff's cause of action is frivolous or malicious within the meaning of 28 U.S.C. § 1915(d). *Martin–Trigona v. Stewart,* 691 F.2d at 857; *see also Boston v. Stanton,* 450 F.Supp. 1049 (W.D.Mo.1978). Upon payment of the entire partial filing fee, however, the Court will treat plaintiff's complaint in the same manner as a complaint that was not filed *in forma pauperis. In re Andrew Funkhouser,* 873 F.2d 1076 (8th Cir.1989).

Plaintiff names the following defendants in his complaint: The City of Kansas City, Missouri (hereinafter Kansas City); Officers R. Treat and K. Randlph (hereinafter Randolph) of the Kansas City, Missouri Police Department; and Mr. Gene Morgan, Mr. Calvin Palmer, and Lt. James Burgess of the Kansas City Honor Center.

Plaintiff alleges that the following occurred on November 3, 1989, outside of the Kansas City Honor Center:

R. Treat and K. Randolph pulled plaintiff out of the State Van by the . . . hair and while plaintiff was restrained defendant R. Treat took out his handcuff's [sic] and placed them over his blacked gloved hands and used them as if they were "Brass Knuckles" and defendant R. Treat struck plaintiff in the face and on his head several times with said handcuffs in his fist and than [sic] plaintiff was thrown face down on the pavement and informed [by] R. Treat and K. Randolph to just lay very still and don't try and move or they would finish beating his head-in.

Complaint, p.3. Plaintiff further alleges that he "suffered his feet being ran through the State Van window by defendant Burgess...." Complaint, p. 3a. Plaintiff claims that defendants Morgan and Palmer were aware of the violence and failed to intervene, and that Kansas City is responsible for the on-duty actions of its police officers. Plaintiff seeks monetary damages for the injuries he sustained.

■ As for defendant Kansas City, an entity of local government may be held liable under Section 1983 only for acts by its officials or employees that implement or execute a governmental custom or policy, but may not be held vicariously liable for unconstitutional acts by such employees. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). For a local entity to be liable under a custom or policy, there must be a deprivation of a constitutional right, and the deprivation of the constitutional right must be the result of the local entity's policy or the policy of a policymaker acting under color of state law. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 480–483, 106 S.Ct. 1292, 1298–1300, 89 L.Ed.2d 452 (1986); *see also City of St. Louis v. Praprotnik,* 485 U.S. 112, 123, 108 S.Ct. 915, 923, 99 L.Ed.2d 107 (1988); *Schertz v. Waupaca County,* 683 F.Supp. 1551, 1562–1563 (E.D.Wis.1988). Because plaintiff merely alleges that Kansas City is liable for the actions of the remaining defendants, and not for any policies executed or implemented by them, the City of Kansas City, Missouri will be severed and dismissed as a defendant from this cause of action.

■ Granting plaintiff's claims a liberal construction, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), they do not appear on their face to be totally frivolous or maliciously raised. The remaining defendants will be directed to answer or otherwise respond to plaintiff's allegations.

Accordingly, it is ORDERED that:

(1) plaintiff is provisionally granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a);

(2) plaintiff shall pay the sum of $20.36 to the Clerk of the Court for the Western District of Missouri, Western Division, as payment for a portion of the one hundred twenty dollar ($120.00) filing fee normally required in civil litigation. Such partial payment of $20.36 may be paid in monthly installments of $5.09 per month for a period of four (4) months. If the first installment is not received within thirty (30) days of the date of this Order, or if the remaining installments are not received within thirty (30) days of each other, plaintiff's

cause of action shall be dismissed without prejudice;

(3) plaintiff shall have twenty (20) days from the date of this Order within which to file his written objections to this Order requiring partial payment of the filing fee in this action;

(4) the Clerk of the Court is directed to mail plaintiff a copy of the financial account information filed by the Missouri Department of Corrections in response to the Court's letter of April 25, 1991;

(5) defendant City of Kansas City, Missouri is severed and dismissed from this cause of action;

(6) the Clerk of the Court shall issue appropriate summons as authorized by Rule 4, Fed.R.Civ.P., and shall deliver the summons, the complaint, and a copy of this Order to the United States Marshal for service of process; and

(7) the United States Marshal shall attempt service of process of the summons, the complaint, and a copy of this Order upon the remaining named defendants as directed by Rule 4, Fed.R.Civ.P.; and

(8) defendants shall answer or otherwise respond to plaintiff's complaint within twenty (20) days from the date of service as required by Rule 12 of the Federal Rules of Civil Procedure.