**NORTHLAND TRUSS SYSTEM, INC., Plaintiff,**

v.

**HENNING CONSTRUCTION COMPANY, LLC, Defendant.**

No. 4:11–cv–216.

United States District Court,
S.D. Iowa,
Central Division.

Sept. 7, 2011.

Bradley M. Beaman, Mark L. Tripp, Bradshaw Fowler Proctor & Fairgrave, Des Moines, IA, Robert B. Stock, Vogel Law Firm, Fargo, ND, for Plaintiff.

Stephen D. Marso, Whitfield & Eddy PLC, Des Moines, IA, for Defendant.

## ORDER

ROBERT W. PRATT, Chief Judge.

Before the Court is a Motion to Dismiss filed by Henning Construction Co. ("Defendant" or "Henning") on June 28, 2011. Clerk's No. 13. Northland Truss System, Inc. ("Plaintiff" or "Northland") filed a resistance to the Motion on July 22, 2011. Clerk's No. 17. Defendant filed a Reply on July 27, 2011. Clerk's No. 18. The matter is fully submitted.[1]

---

1. The docket in this case also contains a pending Motion to Dismiss filed by Henning on May 25, 2011. Clerk's No. 5. Northland filed a resistance to this Motion on June 13, 2011 (Clerk's No. 8) and Henning filed a Reply on June 16, 2011. Clerk's No. 12. This Motion to Dismiss was made in relation to Northland's original "Petition to Vacate Arbitrator's Order," filed May 9, 2011. Clerk's No. 1. On June 14, 2011, however, Plaintiff filed an "Amended Petition to Vacate Arbitrator's Order, or in the Alternative, Complaint for Declaratory Relief." Clerk's No. 9. Accordingly, the May 25, 2011 Motion to Dismiss is technically moot, and it is, accordingly, DENIED on that basis. The Court notes, however, that the arguments made by the parties in relation to the May 25, 2011 Motion to Dismiss overlap substantially with the arguments made by the parties in relation to Henning's June 28, 2011 Motion to Dismiss. The Court, therefore, will consider the parties' arguments regarding the May 25, 2011 Motion as if they were made in regard to the June 28, 2011 Motion.

## I. FACTUAL BACKGROUND

Northland is a North Dakota corporation with its principal place of business in Abercrombie, North Dakota. Am. Pet. to Vacate Arbitrator's Order, or in the Alternative, Compl. for Declaratory Relief ¶ 1 (Clerk's No. 9) (hereinafter referred to as "Amended Complaint"). Henning is an Iowa limited liability company ("LLC") with its principal place of business in Johnston, Iowa.[2] *See id.* ¶ 2. On June 29, 2007, Northland and Henning entered an agreement whereby Northland sold trusses to Henning for Henning's use in constructing a barn in Souris, North Dakota. *Id.* ¶ 5.

The barn built by Henning collapsed on February 9, 2009. *Id.* ¶ 7. On November 9, 2009, the barn's owner, North Dakota Sow Center ("NDSC"), filed a demand for arbitration against Henning and OMNI Builders, Inc ("OMNI"). *Id.* On December 6, 2010, Henning filed a third-party demand for arbitration against Northland seeking to join Northland to the arbitration proceeding between NDSC, Henning, and OMNI. *Id.* ¶ 8. Northland filed an objection to Henning's third-party demand on December 22, 2010. *Id.* ¶ 9. The arbitrator issued a decision on March 4, 2011, joining Northland to the arbitration. *Id.* ¶ 10. On May 9, 2011, Northland filed a "Petition to Vacate the Arbitrator's Order." Clerk's No. 1. On June 14, 2011, Northland filed the Amended Complaint. Clerk's No. 9.

## II. LAW AND ANALYSIS

Northland raises two alternative claims in its Amended Complaint. First, Northland brings a petition to vacate the arbitrator's order pursuant to 9 U.S.C. § 10 (2006). Am. Compl. at 1. Second, Plaintiff alternatively "moves this Court, pursuant 28 U.S.C. § 2201 and Fed.R.Civ.P. 57, for a declaratory judgment against Henning." *Id.* at 3. Under the heading "Jurisdiction and Venue," Northland asserts that diversity jurisdiction over its claims is proper, under 28 U.S.C. § 1332. *Id.* On the first page of the Amended Complaint, however, Plaintiff additionally asserts that "[j]urisdiction of this Court is also invoked under 28 U.S.C. § 1331 as the arbitrator's order was rendered in manifest disregard of federal law." *Id.* at 1. Henning's Motion to Dismiss asserts that, contrary to Northland's claims, the Court lacks subject-matter jurisdiction over the Amended Complaint.

### A. *Jurisdiction under § 1331*

■ Northland contends that jurisdiction in this case is proper under 28 U.S.C. § 1331 because the arbitrator's order joining Northland to the arbitration was made in manifest disregard of federal law. Specifically, Northland asserts that the "arbitrator specifically was aware of but ignored the United States Supreme Court's decision in *AT & T Technologies, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) and the case law cited therein." Am. Compl. ¶ 4.

Henning argues that Northland's claim for jurisdiction under § 1331 is "patently meritless" under *Biscanin v. Merrill Lynch & Co., Inc.* Def.'s Br. at 6 (citing 407 F.3d 905, 907 (8th Cir.2005)). Northland has not responded in any way to Henning's assertion that § 1331 jurisdiction is lacking. *See generally* Pl.'s Br. Accordingly, Henning's Motion to Dismiss

---

2. Plaintiff has not properly pleaded the citizenship of Defendant. For purposes of diversity jurisdiction, an LLC's citizenship is the citizenship of each of its members. *See, e.g., OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir.2007). In its Amended Complaint, Plaintiff has not identified the members of Defendant's LLC, nor has Plaintiff identified the citizenship of each of those members.

is properly granted to the extent that Northland invokes the Court's jurisdiction under that statute. *See* L.R. 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without prior notice.").

 Northland's assertion of § 1331 jurisdiction, however, would still fail were the Court to consider it on its merits. The Eighth Circuit has never specifically determined whether a claim of manifest disregard of federal law would be sufficient to support the exercise of subject-matter jurisdiction. *See Biscanin,* 407 F.3d at 907 (merely "assum[ing] for the sake of argument that a claim of manifest disregard of federal law could endow the court the subject-matter jurisdiction"). The Eighth Circuit has, however, stated that even if a manifest disregard claim were tenable, dismissal for lack of jurisdiction would be appropriate if the claim were patently meritless. *Biscanin,* 407 F.3d at 907. A determination of whether a claim is patently meritless is made by looking at the face of the complaint. *Id.* (noting that this type of challenge to jurisdiction is facial rather than factual).

> To demonstrate that arbitrators manifestly disregarded the law, a party must show that the arbitrators were fully aware of the governing law and refused to apply it. *Stark v. Sandberg, Phoenix, & von Gontard,* 381 F.3d 793, 802 (8th Cir.2004), petition for cert. filed, [*cert. denied,* 544 U.S. 1027, 125 S.Ct. 1973, 161 L.Ed.2d 872 (2005)], 73 U.S.L.W. 3473 (U.S. Feb. 2, 2005) (No. 04–1056). The disregard must appear clearly in the record of the arbitration, and "there must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Lincoln Nat'l Life Ins. Co. v. Payne,* 374 F.3d 672,

674–75 (8th Cir.2004); *see also Marshall v. Green Giant Co.,* 942 F.2d 539, 550 (8th Cir.1991); *Prudential–Bache Sec., Inc. v. Tanner,* 72 F.3d 234, 240–41 (1st Cir.1995); *O.R. Sec., Inc. v. Professional Planning Assocs., Inc.,* 857 F.2d 742, 747 (11th Cir.1988).

*Id.*

It appears that Northland bases its claim of "manifest disregard" solely on the fact that Northland cited *AT & T Technologies* in its "Objections to Henning Construction's Third–Party Claim," but the Arbitrator nonetheless joined Northland to the arbitration. *See* Am. Compl., Ex. 5 (Northland's Objections). As in *Biscanin,* Northland's "allegation of manifest disregard is so untenable as to be patently meritless" because "circuit precedent forecloses [the] argument that the result obtained provides the necessary proof that the arbitrators disregarded the law." *Biscanin,* 407 F.3d at 908 (citing *Lincoln Nat'l,* 374 F.3d at 675 and *Marshall,* 942 F.2d at 550). Indeed, the arbitrator's Order joining Northland to the arbitration does not reference Northland's objections, does not cite *AT & T Technologies,* and does not even discuss the reasons for concluding that Northland should be joined in the arbitration. Accordingly, there is no evidence in this record, other than the result, that the arbitrator was aware of *AT & T Technologies* and intentionally disregarded it. Thus, the Court lacks jurisdiction over either of Northland's claims under § 1331.

### B. *Plaintiff's Petition To Vacate*

 Northland next contends that jurisdiction over its "Petition to Vacate Arbitrator's Order" under 9 U.S.C. § 10 is proper because the parties are completely diverse[3] and because the amount in con-

---

**3.** The Court will assume for purposes of its analysis that the parties are completely di-

troversy exceeds $75,000, exclusive of interest and costs. Am. Compl. at 1, 3. Specifically, Northland asserts that the amount in controversy in this case is "determined by the amount at issue in the underlying dispute." *See* Pl.'s Resistance to Def.'s First Motion to Dismiss (Clerk's No. 8) at 1. Using this "demand approach," according to Northland, means that the amount in controversy is $1,467,898.66, the "amount at issue in the underlying arbitration." *Id.* at 3.

Henning counters that the amount in controversy in this matter is zero because the "Order of Arbitrator which Plaintiff seeks to vacate did not award anyone an amount of money; rather, it only ordered that Plaintiff should be joined to the arbitration." Def.'s Mot. at 1. Henning urges the Court to reject the "demand approach" advocated by Northland and instead adopt the "award approach," whereby the Court looks to the *award* amount sought to be vacated in determining the amount in controversy. *See* Def.'s Br. at 4–6.

The Court does not need to determine whether to adopt the demand or award approach, because in advocating their respective positions, both parties have missed the pertinent legal issue. Northland is seeking to vacate an order of an arbitrator. The Court's only authority to vacate an arbitrator's award, however, comes by virtue of the Federal Arbitration Act ("FAA"), which provides:

(a) In any of the following cases the United States court in and for the district wherein *the award* was made may make an order vacating *the award* upon the application of any party to the arbitration–

 (1) where *the award* was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite *award* upon the subject matter submitted was not made.

(b) If *an award* is vacated and the time within which the agreement required *the award* to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

(c) The United States district court for the district wherein *an award* was made that was issued pursuant to section 580 of title 5 may make an order vacating *the award* upon the application of a person, other than a party to the arbitration, who is adversely affected or aggrieved by *the award,* if the use of arbitration or the award is clearly inconsistent with the factors set forth in section 572 of title 5.

9 U.S.C. § 10 (emphasis added). In this case, Northland is not requesting that the Court vacate *an award* of an arbitrator. Rather, Northland requests that the Court vacate a non-final, nondispositive *order* of the arbitrator. Because the arbitrator has not determined a final *award,* Northland's request for vacatur is premature, as the Court lacks authority under the FAA to grant the relief Northland seeks. Accord-

verse, despite the deficiencies in Northland's Amended Petition in this regard. *See supra* note 2.

ingly, Northland's Petition to Vacate Arbitrator's Award is dismissed for failure to state a claim upon which relief may be granted, under Federal Rule of Civil Procedure 12(b)(6). *See Smith v. Boyd,* 945 F.2d 1041, 1043 (8th Cir.1991) ("[A] district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as dismissal does not precede service of process."); *Martin–Trigona v. Stewart,* 691 F.2d 856, 858 (8th Cir.1982) ("[U]nder Rule 12(b)(6), a district court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim.") (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)).

### C. *Plaintiff's Declaratory Judgment Claim*

■ Northland brings an alternative claim for a declaratory judgment against Henning, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. Am. Compl. at 3. Specifically, Northland requests that the Court "declare the rights of the parties and enter a declaratory judgment stating that Northland Truss is not required to join in the arbitration proceedings between NDSC, Henning Construction and OMNI Builders." *Id.* at 4. Northland again contends that diversity jurisdiction is proper because the "amount in controversy in a complaint for declaratory relief is determined by the amount at issue in the underlying dispute." Pl.'s Br. at 1.

Henning urges the Court to dismiss Northland's declaratory judgment claim for a variety of reasons. Def.'s Br. at 2. More particularly, Henning contends: 1) it is within the Court's authority to dismiss Northland's declaratory judgment claim because it is duplicative and parallel to Northland's Petition to Vacate; 2) Northland's declaratory judgment claim is not "colorable" because it was brought "solely for the purpose of obtaining jurisdiction"; and 3) the amount in controversy is likely zero because it is "determined by the value to the plaintiff of the right sought to be enforced," i.e., the value of avoiding arbitration. *Id.* at 3–5 ("If Defendant sued Plaintiff in court, Defendant would face the same claims that exist in the arbitration. Therefore, the value to Plaintiff is probably zero but is certainly less than $75,000.00, and, in reality, it would be more costly and time-consuming for Plaintiff to litigate in court than to arbitrate.").

■ "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). "[I]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288, 115 S.Ct. 2137. The Supreme Court has explained that it is particularly inappropriate for district courts to hear a claim under the Declaratory Judgment Act when there is another action pending, which "involv[es] the same parties and present[s] ventilation of the same ... issues." *Id.* at 283, 115 S.Ct. 2137 (discussing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494–95, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). A federal declaratory action under the circumstances presented in this case, i.e., where Northland and Henning are currently participating in an arbitration, could be considered "gratuitous interference" with the pending arbitration action. *Id.*

Moreover, a declaratory judgment is inappropriate in this case because the FAA only provides authority for the Court to

vacate the "awards" of arbitrators, not their "orders." *See* 9 U.S.C. § 10(a). If federal courts begin entertaining requests to vacate interim orders of arbitrators under the Declaratory Judgment Act, they would effectively be end-running the limited authority granted to them under the FAA and would, additionally, undermine public policy favoring arbitration as a streamlined proceeding. For these reasons, the Court declines to entertain Plaintiff's declaratory judgment claim.

### III. CONCLUSION

For the reasons stated herein, Henning's May 25, 2011 Motion to Dismiss (Clerk's No. 5) is DENIED as moot. Henning's June 28, 2011 Motion to Dismiss (Clerk's No. 13) is GRANTED. The case is hereby dismissed without prejudice.

IT IS SO ORDERED.